[Civ. No. 1403. Second Appellate District.—October 23, 1914.]

## JOHN HERINGTON, Respondent, v. ALTA PLANING MILL COMPANY (a Corporation), Appellant.

AGENCY—ACTUAL AUTHORITY—DEFINITION OF.—Actual authority is such as a principal intentionally confers upon the agent, or intentionally, or by want of ordinary care, allows the agent to believe himself to possess.

ID.—BREACH OF CONTRACT—ACTION FOR DAMAGES—OSTENSIBLE AUTHORITY—PARTY MUST HAVE RELIED UPON.—In order that a person dealing with an agent may recover damages for a breach of contract, resting solely upon authority of an ostensible nature, it must have happened that such person, by reason of his reliance upon the ostensible authority, incurred a liability or parted with value.

ID.—AUTHORITY CONFERRED BY WANT OF CARE.—Actual authority, which is conferred through the negligence, or want of ordinary care, on the part of the principal, is only such as the principal allows the agent to believe himself to possess. Whatever strangers may understand to be the limit of actual authority is an immaterial matter, for the implied authority of an agent, upon which third persons are authorized to rely, is the ostensible authority, or that authority, arising by want of ordinary care of the principal, which causes or allows a third person to believe the agent to possess.

ID.—PROPOSAL FOR BUILDING SUPPLIES—LACK OF AUTHORITY.—A solicitor of a corporation, engaged in the business of furnishing building accessories, has no authority, either actual or ostensible, to alter a typewritten estimate of the cost, for which the corporation would furnish certain building materials, where it is shown, upon the face of the offer, that it was prepared in the office of the corporation, and that it bore the signature of a person specially employed as an estimator or calculator, other than the solicitor, and that the person upon whose request the offer was furnished did not act upon it until after it was altered.

APPEAL from a judgment of the Superior Court of Los Angeles County. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Stephens & Stephens, for Appellant.

R. L. Horton, for Respondent.

JAMES, J.—Plaintiff is a building contractor and was engaged in that business during the year 1911. Defendant corporation was at the same time engaged in the business of conducting a milling establishment and furnishing sash, doors, screens, glass, and other building accessories. Plaintiff, intending to offer a bid upon a contract to construct a certain apartment house, requested of the defendant that it furnish to him an estimate of the cost of screens and cabinet work, sash, doors, *et cetera,* which would be required in the construction of that building. The vice-president of defendant, who acted generally as its manager, informed plaintiff that a solicitor of defendant named Stum would see him, and subsequently Stum brought to the plaintiff an offer under the printed bill-head of defendant. This document was typewritten, except that it bore in the lower left-hand corner thereof the name of one Thompson, written in longhand. Thompson, it appeared by the evidence, was a man specially employed as an estimator or calculator. After receiving this proposal, plaintiff proceeded to make his bid for the building contract, and was awarded the work, being the lowest bidder. Some days later he held a conversation with Stum in which he brought up the question as to whether the estimate as furnished included all wire glass required in the building, and in order to meet his objection that the offer was not clear upon this point, Stum wrote in longhand over his own signature the words: ''This bid includes all wire glass but elevator· enclosures.'' Thereupon plaintiff placed his signature at the foot of the paper under printed words which were a direction to defendant to enter his order for the materials. Upon this paper being returned to defendant by Stum, and within two days thereafter, defendant by its representative Homann wrote to plaintiff and called his attention to the fact that the bid of defendant did not include all wire glass, because that glass of itself would amount in value to more than two thousand dollars. The total bid as specified in the typewritten document was the sum of $2,113. In this letter request was made for a new order to be signed by plaintiff, with a notation to be added as follows: ''This bid includes all glass in all wooden sash and doors.'' It appeared that the metal sash into which the bulk of the wire glass used in the building was to be placed was ordered by the plaintiff from another firm and was not intended to be included in the mer-

chandise furnished by the defendant. However, plaintiff insisted that he had made a contract with the defendant by which the latter was obligated to furnish all of the wire glass, whether used in wooden sash or metal sash, as needed in the construction of the building. Defendant flatly refused to furnish this glass or any of the merchandise, and the plaintiff purchased the same elsewhere and brought this action for damages. The trial judge decided the issues in his favor and this appeal was taken from this judgment and from an order denying a motion for a new trial.

The entire case seems to turn upon the one question as to whether Stum, when he indorsed the written paragraph across the face of the typewritten proposal, did so with authority as a representative of his principal. Under the other facts shown in the case this authority must necessarily have been actual authority, which is defined to be such authority "as a principal intentionally confers upon the agent, or intentionally, or by want of ordinary care, allows the agent to believe himself to possess." (Civ. Code, sec. 2316.) We have said that necessarily, in order to bind the defendant, the authority of Stum must have been actual, and for this reason: The bid as presented to Herington amounted to a mere proposal or offer to make a contract. It was not accepted by the plaintiff, nor attempted to be accepted until after he had secured the contract to construct the apartment house. The offer, as counsel for appellant properly states, might have been withdrawn at any time up to the moment of its acceptance. Therefor, it cannot be said that by reason of any act of the defendant in the way of conferring any ostensible authority upon its agent Stum, damage resulted to Herington. In order that a person dealing with an agent may recover damages for breach of a contract resting solely upon authority of ostensible nature, it must have happened that such person, by reason of his reliance upon the ostensible authority, incurred a liability or parted with value. (Civ. Code, sec. 2334.) So all of the argument, in so far as it touches upon the question of the claimed ostensible authority of Stum, may be left out of account in determining the questions here involved. It was conceded, or at least it appears by every fair inference to be drawn from the testimony of the plaintiff, that Herington did not understand that the proposal of defendant as submitted to him included all wire glass. He insisted upon the clause

mentioned being added thereto. He had never accepted the offer up to the time that this clause was attached to the paper. He testified as follows: "Q. You didn't sign the order for it until you had that written in? A. No. Q. You would not have signed it until you did have that written in? A. No, I don't suppose I would; not after I took the stand." We therefore reach the question as to whether actual authority had been conferred by Stum's principal which would entitle Stum to bind the defendant by a contract such as that which the writing added by him to the bid would create. There was no testimony at all in contradiction of that given by officers of the company and by Stum himself which in positive terms denied that any such authority was conferred. The actual authority which is conferred through the negligence or want of ordinary care on the part of the principal is only such as the principal allows the agent to believe himself to possess. (Civ. Code, sec. 2316.) Whatever strangers may understand to be the limit of actual authority is an immaterial matter, for the implied authority of an agent upon which third persons are authorized to rely is the ostensible authority or that authority arising by want of ordinary care of the principal which causes or allows a third person to believe the agent to possess. As before mentioned, the question of ostensible authority, if any were shown in this case, is wholly immaterial, as it did not appear that through reliance upon any such authority the respondent had suffered damages. The conclusions already suggested are sufficient to indicate that a reversal must be ordered in this case. It may be added that from the evidence it would not seem that Herington was authorized to take it for granted that by reason of his employment as a solicitor, Stum possessed the authority to change, modify, or add to a bid or proposal such as that which was submitted by the appellant. Upon the face of the written offer it clearly appeared to have been prepared in the offices of appellant and it bore the signature of a person other than the solicitor. It was a proposal covering a variety of material and articles which were offered seemingly in competition with other bidders. The evidence that Stum had made two or more offers to other persons to sell them wire glass and had quoted them figures as to the selling price thereof, would not, to our minds, establish such a condition as to authorize a person in respondent's position to assume that Stum possessed authority to alter the written proposal for a

general lot of materials to be used in the performance of a building ·contract. Moreover, to that written proposal by Stum was. attached Stum's signature only and not the signature of appellant corporation, and it appears that plaintiff himself called Stum's attention to the fact and asked why the name of the company was not signed. From this it is shown that the plaintiff had in mind a question as to the authority of Stum to act for his principal. For the reasons stated, we conclude that the evidence was insufficient to sustain the findings and judgment made in favor of the plaintiff.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.