[Civ. No. 2099.    Third Appellate District.—April 12, 1920.]

OAKDALE IRRIGATION DISTRICT, Respondent, v. T. K. BEARD et al., Appellants.

[1] SURETIES—ACTION ON PERFORMANCE BOND—DAMAGES—EVIDENCE—FINDINGS.—In this action to recover a money judgment upon a performance bond executed by defendants, as principal and surety, in connection with a contract by the principal to construct certain ditches, pipes, etc., as part of an irrigation system belonging to plaintiff, the evidence was sufficient to support the finding of the trial court that by reason of the failure of the contractor to complete the work in accordance with the terms and specifications of his contract, plaintiff was damaged in the amount for which the bond was given.

[2] ID.—DEFECTS IN CONTRACT—VALIDITY OF BOND NOT AFFECTED.—In an action against the principal and the surety on a bond given as security for the performance by the principal of certain work, it is no defense that there were certain defects in the steps leading up to the making of the original contract and that the law was not in all respects complied with.

[3] ID.—NONCOMPLETION OF WORK—RECITALS IN BOND—EVIDENCE.—Where, after the work was completed by the contractor, payment therefor by the irrigation district was made upon his giving a bond in which it was recited that "whereas of such portions of said contract as has been tested certain parts are unsatisfactory to the board of directors and the engineer of said district, because of the fact that small leaks have developed" and that the irrigation district is willing to pay the contractor if he execute a bond "conditioned that he will faithfully perform and complete all of said concrete pipes which were constructed under said contract," such recitals are conclusive, or, at least, very strong, evidence that at the time the bond was executed the contractor had not constructed the work in accordance with the terms of the contract.

[4] ID.—AGREEMENT TO SUBMIT TO ARBITRATION — JURISDICTION OF COURT.—An arbitration clause in a contract will not be held to oust the courts of jurisdiction where there are no express words in the contract making submission to arbitration a condition precedent to the bringing of a suit and no language used therein from which such intent can be inferred.

4. Validity and binding force of arbitration agreements, notes, 29 Am. Rep. 602; 47 L. R. A. (N. S.) 337.

APPEAL from a judgment of the Superior Court of Stanislaus County. W. H. Langdon, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. L. Dennett, Redman & Alexander and Dennett & Zion for Appellants.

P. H. Griffin and Frank G. Boone for Respondent.

ELLISON, P. J., *pro tem.*—The plaintiff brought this action to recover a money judgment upon a bond executed by the defendant T. K. Beard, as principal, and the defendant Aetna Accident & Liability Company, as surety therein.

The record shows that on the twenty-fifth day of February, 1913, the defendant Beard entered into a contract with the plaintiff in and by which he agreed to construct for the plaintiff certain ditches, pipes, etc., as a part of an irrigation system belonging to the plaintiff. The work referred to was the building of the Paulsell canal, Paulsell laterals, the Orange Blossom laterals, the Grey laterals, the Clavey siphon and Booster plant, the River road siphon, and the South lateral siphon, according to plans and specifications prepared by George L. Dillman, engineer for plaintiff. The defendant Beard agreed to do said work in a workmanlike manner and to the satisfaction and approval of said engineer and of the board of directors of plaintiff "in conformity in all respects with the annexed specifications, which are hereby made a part of this contract." The specifications were quite full and complete, and are annexed to the contract. The defendant Beard was to receive for performing the work specified in such contract a sum of money estimated to be about $85,616. Before entering upon the work he was to give a bond, to be approved by the board of directors of the plaintiff, in an amount estimated in the contract, based upon a percentage of what the work would cost as per the specifications. Having executed the contract and the bond, the defendant Beard proceeded with the construction work agreed to be done by him, and continued therein until on or about the fifteenth day of May, 1914. At that time he appeared before the board of di-

rectors of the plaintiff and expressed his desire to have the large bond which he had been carrying canceled and a new bond given in lieu thereof in the sum of ten thousand dollars and an additional payment made to him of ten thousand dollars, it being claimed by him at the time that there was something more than that amount due to him for the work performed. This proposition was accepted by plaintiff, and a new bond executed with the defendant Aetna Accident & Liability Company, as surety. The ten thousand dollars requested was paid over to him and the old bond released. The new bond, and the one upon which this suit is brought, stated quite fully the mutual understanding of the parties as to the conditions then existing. It recites that there is now due from the plaintiff to the defendant Beard on the contract, dated February 25, 1913, the sum of $11,-280; that such portions of said work as had been tested are unsatisfactory to the board and its engineer, because of small leaks that had developed; that Beard desired a payment of ten thousand dollars to be made to him, the balance of said contract price to be held by plaintiff until Beard should complete said work in a workmanlike manner to the satisfaction and approval of the engineer of said district and the board of directors of plaintiff "in all respects in conformity with the specifications in the original contract." It recited that plaintiff was willing to make said payments of ten thousand dollars upon the defendant Beard giving a new bond in the sum of ten thousand dollars "conditioned that he will faithfully perform and complete all of said concrete pipes which were constructed under said contract at the earliest possible moment, and that said concrete pipes will all be constructed and repaired within three months after the time of said test." The bond was to be void if the defendant Beard complied with the terms and conditions of a certain resolution of the plaintiff's board of directors, passed May 5, 1914, otherwise to remain in full force and effect. The resolution referred to provides for the payment of the ten thousand dollars upon the execution of the bond conditioned as subsequently on the bond stated. Thereafter, this action was brought upon the bond last referred to, it being alleged in the complaint with much fullness that the defendant Beard had failed to perform his contract and failed to complete said work to the satisfaction of the board or of its engineer,

and failed to complete it in accordance with the terms and specifications of the original contract. The defective construction was alleged to be in that part of the work designated as the Clavey siphon and Booster plant.

The court finds that this work had not been completed in accordance with the contract and the specifications attached thereto, and that by reason of such failure plaintiff had been damaged in the sum of ten thousand dollars and that it would cost the plaintiff at least ten thousand dollars to complete said Clavey siphon and Booster plant according to the specifications annexed to said contract, and entered judgment against both defendants for that amount. This appeal is from the judgment.

[1] 1. The appellant claims that the court accepted the amount of the bond as the measure of damages, and that in doing so it committed a very serious error. An examination of the record convinces us that this contention cannot be sustained. It is true the judgment is for the same amount the bond was given for, but an examination of the record shows that this is merely a coincidence. The court could not render any valid judgment against the surety company for more than the penal sum of the bond. The finding of the court that it would cost the plaintiff at least ten thousand dollars to complete the work according to the specifications has evidence to support it. The witness Finney testified: "Q. Now, what in your opinion would be the value of the Siphon as it now stands? A. Well, it would be—I can't just state right now the exact cost for the reason that the pipe isn't doing its duty and as time goes on it will do less, so that in getting at the cost, about the only way that I could figure the value would be that there would have to be as much money spent on it as the original cost."

The total contract price for this part of the work was about $23,335.67.

The witness Burton Smith testified: "The condition of the pipe is bad due to the fact that it has many leaks in it, and the fact that there is not a foot of the pipe but what —the length of it but what leaks." He testified that, in his opinion, the present pipe could not be fixed. "Q. You can't make any improvements in that pipe so it could carry the water without it costing as much as if you laid a new pipe,

or the original cost of the pipe? A. I think that it would be fully the original cost of the pipe. In my opinion it would be necessary for the district to put in a new pipe.''

There is other evidence as to the defective condition of the pipe, in addition to what has been referred to, to show that the findings of the court as to the defective condition of the pipe and the amount it would cost to put it in good condition have evidence to support them.

[2] 2. Appellant claims that the original contract between the plaintiff and Beard is void. It is not clearly stated in the brief for what reason the orignal contract was void. This action is not brought upon the original contract, but upon the new bond. By its terms the plaintiff paid to Beard ten thousand dollars upon his written promise to perform certain work, and his bond was that if he did not perform this work the bond should be good. He did not perform it, and, therefore, he and his bondsmen became legally obligated to make payment to the plaintiff. The original contract is referred to as containing a description of the work that the defendant Beard was to perform, and to this extent only it has a bearing upon the decision of the case. Conceding that there may have been certain defects in the steps leading up to the making of the original contract, and that the law was not in all respects complied with, still, such defects are no defense to a suit upon the bond involved herein.

The case of *People's Lumber Co.* v. *Gillard,* 136 Cal. 55, [68 Pac. 576], is decisive of this matter, wherein it is said: ''It appeared that after the bids were all in for the building it was found that they exceeded the money provided—to wit, seven thousand dollars—and the bids were all rejected, and the plans were then gone over and certain changes made to bring the cost down to seven thousand dollars, and Gillard and Leary agreed to build the structure for that sum without further advertising, and thereupon the contract in question was made and the sureties then signed the bond. As to these facts it is sufficient to say that they do not furnish any ground of defense. The bond was executed with reference to the contract annexed to it, and not with reference to any advertised proposals.

''If the board had no authority to make the contract without re-advertising for bids, that fact would not discharge the sureties from their obligations under this bond.''

[3] 3. Appellants claim that Beard performed the conditions of the original contract, and that the finding of the court that he did not is not sustained by the evidence.

In the bond upon which this suit is brought (and the bond is signed by both defendants), it is recited that "whereas of such portions of said contract as has been tested certain parts are unsatisfactory to the board of directors and the engineer of said district, because of the fact that small leaks have developed."

It is also in said bond recited that plaintiff is willing to pay Beard ten thousand dollars if he will execute a bond "conditioned that he will faithfully perform and complete all of said concrete pipes which were constructed under said contract."

If he had fully performed his original contract, as now claimed, he was entitled to be paid therefor the amount agreed upon without giving a new bond conditioned that he would complete it. The recitals of the bond signed by the defendants are conclusive, or, at least, very strong, evidence that at the time it was executed the defendant Beard had not constructed the work in accordance with the terms of the contract.

[4] 4. The original contract contained the provision: "If in the execution of this contract there shall be any ruling of the engineer alleged by either party hereto to be erroneous or unfair, each party shall immediately appoint an arbiter, and the arbiters so appointed shall within four days after their appointment, unless such time is extended by mutual agreement of the parties hereto, render their written agreement in the premises."

Counsel claims that this clause in the contract must be complied with as a condition precedent to the bringing of an action. There are several answers to this contention:

1. This action is not brought on the contract, but the bond, and the bond contained no arbitration clause, and is not so worded as to oust the courts of the right to entertain the case. There are no express words making the submission to arbitration a condition precedent to the bringing of the suit and no language used therein from which such intent can be inferred.

2. In Ruling Case Law, volume 2, page 363, it is said: "But the courts generally will not construe an arbitration

clause as ousting them of their jurisdiction unless such construction is inevitable, and consequently when the arbitration clause is not made a condition precedent by express words or by necessary implication, it will be construed as merely collateral to the liability clause, and so no bar to an action in the courts without an award." See, also, *Hamilton v. Home Ins. Co.*, 137 U. S. 711, [34 L. Ed. 708, 11 Sup. Ct. Rep. 133, see, also, Rose's U. S. Notes], where the same ruling is stated in very clear and strong language.

We have now noticed all the points raised by appellant upon which he claims a reversal of the judgment should be had, and it is our opinion that none of them is sufficient to justify a reversal of the decision of the lower court. The findings are supported by the evidence, and, no reversible error appearing in the record, the judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 10, 1920.

All the Justices concurred, except Sloane, J., who did not vote.