[Civ. No. 3818. First Appellate District, Division Two.—June 7, 1921.]

## GARCIA & MAGGINI CO. (a Corporation), Appellant, v. JENNIE COLVIN et al., Respondents.

[1] AGENCY—UNDISCLOSED PRINCIPAL—ACTION ON CONTRACT—PARTIES.—Where a contract is made by an agent within the scope of his employment, both the agent and the undisclosed principal, when discovered, are liable on the contract and may be joined as defendants in an action thereon.

[2] ID.—BREACH OF CONTRACT—ACTION FOR DAMAGES—AUTHORITY OF HUSBAND TO REPRESENT WIFE—EVIDENCE—NONSUIT.—In an action against the husband and wife for damages for breach of a contract, executed by the husband only, for the sale at a price in excess of two hundred dollars of certain prunes grown on the separate property of the wife, a nonsuit is properly granted where the plaintiff fails to prove that the wife, in writing, authorized the husband to execute the contract or ratified his act.

[3] ID.—OWNERSHIP OF PRUNES—AGREEMENT TO SELL—LIABILITY AS PRINCIPAL.—In such action, the husband can be held as principal even though he did not own the prunes he agreed to sell or the land on which they were grown.

[4] ID.—ARBITRATION PROVISION—CONDITION PRECEDENT TO ACTION—PLEADING AND PROOF.—Where a contract for the sale of prunes provides, "Any controversy arising under this contract shall be settled by arbitration," and the seller has not repudiated such contract, arbitration or an attempt to effect arbitration is a condition precedent to commencement by the buyer of an action for the breach of such contract, and the failure of the buyer to allege and prove that such course has been followed, or that it was excused from doing so, is fatal to its cause of action.

[5] ID.—AUTHORITY OF HUSBAND—BELIEF OF PLAINTIFF—ESTOPPEL.—The wife is not estopped from denying that the husband was acting as her agent when he signed the contract for the sale of the prunes to be grown on her separate property, where she did not intentionally and deliberately lead the plaintiff to believe the husband was acting as her agent, and the plaintiff did not act on such belief but on the belief that the husband was the owner. (On petition for rehearing.)

[6] ID. — WIFE AS UNDISCLOSED PRINCIPAL — PROOF OF AUTHORITY — SILENCE—ESTOPPEL.—In an action against the husband and wife for· damages for breach of a contract, executed by the husband only, for the sale of certain prunes grown on the separate property of the wife, in order to bind the wife as an undisclosed prin-

cipal it is necessary to prove that the husband was in fact her agent and that he had the necessary authority to execute the contract for her, or that his act was ratified by her; and her act in remaining silent at the time the contract was executed by which plaintiff was led to believe, not that the husband was her agent, but that he was the owner of the property and the principal, will not estop her from denying such agency. (On petition for rehearing.)

[7] ID.—OSTENSIBLE AUTHORITY—KNOWLEDGE OF FACTS RELIED ON.—Ostensible authority cannot be asserted when the party attempting to do so did not know the facts relied on as showing such authority. (On petition for rehearing.)

APPEAL from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge. Affirmed.

The facts are stated in the opinion of the court.

Russell P. Tyler and Carl Barnard for Appellant.

Geary & Geary for Respondents.

NOURSE, J.—Plaintiff appeals from a judgment of non-suit in an action to recover damages for defendants' failure to deliver prunes under a written contract of sale between plaintiff corporation, by its agent, Charles H. McDermott, and defendant Peter Colvin. By said contract, which was made March 22, 1919, about the beginning of the blossoming season, the former agreed to purchase and the latter agreed to sell forty tons of dried prunes, at ten cents per pound base, constituting the 1919 prune crop raised on the Colvin ranch, in Sonoma County, which the contract recites is the sole and absolute property of defendant Peter Colvin. This property was in fact owned by his wife, defendant Jennie Colvin, as her separate property, Peter Colvin having no interest in either the land or the prune crop. Jennie Colvin and Peter Colvin were joined as defendants in this action on the theory that Jennie Colvin was in reality the principal because Peter Colvin acted as her agent in making the contract with plaintiff or that his act in so doing was subsequently ratified. Defendant Jennie Colvin's answer denies that she at any time or place sold to plaintiff or that it bought of her forty tons

or any quantity of prunes. Defendant Peter Colvin in his answer denies that he owned either the land or the prunes specified in said contract, and alleges that Jennie Colvin owned the land as her separate property and that he entered into the contract of sale with plaintiff solely as the agent of his wife, believing that he would be able to secure her ratification of his act. The contract provided that "any controversy arising under this contract shall be settled by arbitration, and the submission of such controversy to arbitration in accordance herewith by each party shall be a condition precedent to the right of such party to enforce this agreement." The motion for nonsuit was made on the ground that the submission to arbitration of the matters involved in this action was a condition precedent which had not been performed, and, on behalf of defendant Jennie Colvin, on the further ground that the evidence failed to establish liability on her part under the contract as principal or otherwise—that it failed to show that Peter Colvin was acting as her agent at the time, that he had authority to do so, or that his act was ever thereafter ratified. The trial court granted the motion for nonsuit as to both defendants.

Appellant contends: (1) That both defendants had repudiated the contract, and that the dispute being confined to the question of the legal existence of the contract, the provision therein relating to arbitration was not applicable, their repudiation amounting to a waiver of any rights under the arbitration clause; that the purpose of the provision was for the settlement by arbitration of controversies arising upon the contract as such regarding matters embraced therein—such as to quantity, quality, and condition of the prunes to be delivered. (2) That the evidence establishes the agency of Peter Colvin to act for defendant Jennie Colvin.

[1] The general rule is that where a contract is made by an agent within the scope of his employment, both the agent and the undisclosed principal, when discovered, are liable on the contract and may be joined as defendants in an action thereon. (*Montgomery* v. *Dorn*, 25 Cal. App. 666, 670, [145 Pac. 148].) [2] Plaintiff sued on the theory that Peter Colvin and his wife were both principals. Defendant Jennie Colvin denied execution of the

contract in any manner. Defendant Peter Colvin alleged that he entered into the contract as agent for his wife believing that he could subsequently procure her ratification of his act. Contrary to the recital in the contract, Jennie Colvin was the owner of both the real property and the fruit which was the subject of the contract at the time the contract was made and until its sale by her to other parties. She could not be held liable unless it was shown that she had either authorized her husband to execute the contract or had ratified his act.

Her rights and obligations are determined by the Civil Code. The contract, being one for the sale of personal property at a price over two hundred dollars, was required to be in writing. (Sec. 1624, subd. 4, Civ. Code.) An agency may be created by a precedent authorization or a subsequent ratification. (Sec. 2307, Civ. Code.) Oral precedent authorization is sufficient except that authority to enter into a contract required by law to be in writing can be given only by an instrument in writing. (Sec. 2309, Civ. Code.) Subsequent ratification can be made only in the manner that would have been necessary to confer original authority. (Sec. 2310, Civ. Code.) Plaintiff made no pretense of meeting the proof necessary to hold defendant Jennie Colvin under these code sections. The nonsuit as to her was properly granted.

[3] As to the defendant Peter Colvin, he could have been held as a principal even though he did not own the prunes he agreed to sell. As to him, therefore, the nonsuit can be sustained only upon the first ground assigned— the failure of plaintiff to comply with the arbitration clause of the agreement.

[4] Obviously the controversies contemplated as coming within the provisions of this arbitration clause were such as might arise with relation to the subject matter of the contract, being recognized as such by the parties thereto. The clause reads: "Any controversy arising *under this contract* shall be settled by arbitration." There were many provisions relating to quantity, quality, condition, preparation, etc., of the fruit which might have given rise to disputes. In such cases, to entitle either party to bring suit, it would have first been necessary to comply with the provisions of the arbitration clause. Besides these there was in

dispute the question of Mrs. Colvin's connection with the contract, whether she had authorized its execution or subsequently ratified it. There was the question whether Peter Colvin was acting as a principal or as an agent, and the question of the market price of the prunes at the time fixed for delivery. All these questions came within the general clause of "any controversy arising under this contract."

Though Mrs. Colvin repudiated the contract and thus waived the right to insist upon the arbitration clause, the defendant Peter Colvin did not prior to the commencement of the action repudiate the contract either as principal or agent. As arbitration or an attempt to effect arbitration was a condition precedent to the commencement of the action, the failure to allege and prove that such course had been followed, or that plaintiff was excused from doing so, was fatal to its cause of action and the nonsuit on that ground was properly granted as to Peter Colvin.

The judgment is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 30, 1921, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing of the above-entitled cause is denied. When framing its complaint plaintiff claimed that Jennie Colvin was an undisclosed principal and sued both husband and wife as principals. When it came to prove its case plaintiff claimed that Peter Colvin was an ostensible agent. In its petition for rehearing plaintiff relies upon the doctrine of estoppel to prove the agency of the husband. All the evidence is to the effect that plaintiff dealt with the husband alone as a principal and not as agent for the wife. The husband had a perfect right to enter into the contract as a principal. It was not necessary that he should be the owner of the land or of the prunes in order that he might make a valid contract of sale. Plaintiff made no effort to investigate the ownership, but relied solely on Peter Colvin's representations. It does not appear that these representations were made

in the presence of Mrs. Colvin or that she had any knowledge that they had been made.

The briefs upon which appellant submitted its case contain a mere suggestion that the defendant Jennie Colvin might be estopped from denying the agency. This point is now presented as the main ground for a rehearing. [5] It is claimed that because the wife sat silent when her husband executed the contract with plaintiff she is estopped from denying that her husband was acting as her agent. But she did not intentionally and deliberately lead plaintiff to believe that her husband was acting as her agent (sec. 1962, Code Civ. Proc., subd. 3), and plaintiff did not act on such belief. On the contrary, he acted upon the belief that the husband was the owner and was signing as principal. There was no evidence that plaintiff knew that Colvin had acted as agent for his wife in other matters. If such knowledge was had before the trial, it is apparent that plaintiff did not act upon it when executing the contract. Furthermore, if it had that knowledge, it was plainly negligent in dealing with the husband as a principal.

[6] To bind the defendant Jennie Colvin as an undisclosed principal it was necessary to prove that Peter Colvin was in fact her agent and that he had authority to execute the contract for her, or that his act was ratified by her. This plaintiff failed to do. To escape the measure of proof thus demanded plaintiff now insists that Jennie Colvin is estopped from denying the agency. But the only acts relied on as constituting an estoppel were her silence at the time the contract was executed by which plaintiff was led to believe not that Peter Colvin was her agent, but that he was the owner of the property and the principal.

As to the claim that the husband had ostensible authority to act for his wife, plaintiff did not make out a case. There was no evidence that the plaintiff, acting upon such ostensible authority, had "in good faith, and without want of ordinary care, incurred a liability or parted with value." (Sec. 2334, Civ. Code; *Herington* v. *Alta Planing Mill Co.*, 25 Cal. App. 620, 622, [144 Pac. 973]; *Armstrong* v. *Barceloux*, 34 Cal. App. 433, 436, [167 Pac. 895]; *Post* v. *City and County Bank*, 181 Cal. 238, 245, [183 Pac. 802]; *Wellman* v. *Conroy* (Cal. App.), 194 Pac. 728.) [7]

And then ostensible authority cannot be asserted when the party did not know the facts relied on as showing such authority. (*Harris* v. *San Diego Flume Co.*, 87 Cal. 526, [25 Pac. 758].)

Rehearing denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 4, 1921.

All the Justices concurred, except Angellotti, C. J., and Wilbur, J., who were absent.