[S. F. No. 10175.   In Bank.—March 23, 1923.]

## W. H. BLODGETT COMPANY, Appellant, v. BEBE COMPANY, etc., et al., Respondents.

[1] ARBITRATION—FUTURE DISPUTES—INVALID AGREEMENT.—An agreement between parties to a contract to arbitrate all disputes thereafter to arise thereunder is invalid and unenforceable, as it

---

1. Arbitration agreements, their validity and binding force, note, 47 L. R. A. (N. S.) 337.

constitutes an attempt to oust the legally constituted courts of their jurisdiction and to set up private tribunals; but if the matter to be submitted to the arbitrators is the finding of a fact or facts the determination of which is essential to the accrual of the cause of action itself, such arbitration or finding becomes a condition precedent to the right to sue, and is, therefore, not within the general rule.

[2] ID. — INVALID PROVISION OF CONTRACT — RIGHT OF ACTION — NON-SUIT.—A provision in a contract requiring all disputes thereafter arising under it to be submitted to arbitration being invalid, a party suing upon the contract is not called upon to prove that he submitted his claim to the method of arbitration provided in the contract, and it is error for the trial court to grant a nonsuit based upon plaintiff's noncompliance with such provision.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

Willard P. Smith for Appellant.

Edward C. Harrison and Maurice E. Harrison for Respondents.

KERRIGAN, J.—The plaintiff brought this action to recover damages from the defendants for breach of contract, which was one for the sale and purchase of personal property. At the conclusion of the plaintiff's evidence the defendants moved for a nonsuit upon the ground that the contract relied upon by the plaintiff provided that should any dispute arise thereunder it should be submitted to arbitration, and that the plaintiff's evidence failed to show that such arbitration had been had or that plaintiff had offered to arbitrate. The trial court granted the motion upon that ground and the plaintiff appeals from the judgment entered thereon.

The question involved upon the appeal is whether the plaintiff was bound by its agreement for arbitration.

The provision of the contract concerning this question, so far as pertinent here, is in the following language: "any dispute arising under this contract shall be immediately submitted to arbitration . . . the decision shall be final and binding on both parties . . . Each party hereby

agrees that in the event of his failure to comply with the award of the arbitrators within ten (10) days of date of such award, an action in court shall lie against him based upon such award.'' The arbitration clause also designated the arbitrators, the place where the proceeding should be held, and a method of procedure, but it is not necessary here to refer to those matters in detail.

[1] It was early settled in the jurisprudence of this state, in conformity with that of practically all the states, that an agreement between parties to a contract to arbitrate all disputes thereafter to arise thereunder is invalid and unenforceable, as constituting an attempt to oust the legally constituted courts of their jurisdiction and to set up private tribunals; but that if the matter to be submitted to the arbitrators was the mere finding of a fact or facts the determination of which is essential to the accrual of the cause of action itself, such arbitration or finding becomes a condition precedent to the right to sue, and is, therefore, not within the general rule. Judges and commentators have ascribed the origin of the rule to the jealousy of courts in the matter of their power and jurisdiction and have been somewhat inclined to criticize it on that ground. Another and better ground assigned for it is that citizens ought not to be permitted or encouraged to deprive themselves of the protection of the courts by referring to the arbitrament of private persons or tribunals, in no way qualified by training or experience to pass upon them, questions affecting their legal rights. Whatever may be the true origin of the rule it is very generally established, and there can be no doubt that it prevails in California.

The question early arose and was considered at length in the case of *Holmes* v. *Richet*, 56 Cal. 307 [38 Am. Rep. 54], where the general rule was recognized, although the facts of that case brought it within the exception above noted. That action was based upon a claim for extra work under a building contract, which provided that should any dispute arise as to the amount to be paid for extra work it should be referred to two competent persons, and if they could not agree the services of an umpire were to be invoked. It was contended that this was a general agreement for arbitration, and, therefore, not enforceable. In the opinion the court said: ''Was it competent for the parties to make

such a stipulation? It has been frequently decided, and now seems to be the settled law, that an agreement to refer a case to arbitration will not be regarded by the courts, and they will take jurisdiction and determine a dispute between parties, notwithstanding such an agreement. But that is not this case. Here the parties simply agreed that the amount or value of certain extra work should be fixed in a certain manner, and was there any right of action in this case for and on account of said extra work until the value thereof was fixed according to the terms and conditions of the contract? In other words, was it not a condition precedent to any right of action, that the value of the extra work should be determined in the mode provided by the contract? This question was very elaborately considered by the court of appeals of New York, in the recent case of *President, etc.,* v. *Pennsylvania Coal Co.,* 50 N. Y. 250. The court there says: 'The distinction between the two classes of cases is marked and well defined. In one class the parties undertake by an independent covenant or agreement to provide for an adjustment and settlement of all disputes and differences by arbitration, to the exclusion of the courts; and in the other they merely, by the same agreement which creates the liability and gives the right, qualify the right, by providing that before a right of action shall accrue, certain facts shall be determined, or amounts and values ascertained; and this is made a condition precedent, either in terms or by necessary implication. This condition being lawful, the courts have never hesitated to give full effect to it . . . ' 'When, as here, the agreement is, that the covenantor shall pay such sum, and only such sum, as shall be determined by arbitrators, the procuring an award is as clearly a condition precedent to an action as if the parties had added; "and no action shall be maintainable until after the award of the arbitrators." ' "

The rule thus announced has been uniformly followed in this state. (See *Loup* v. *California S. R. R. Co.,* 63 Cal. 97, 101; *Old Saucelito L. & D. D. Co.* v. *Commercial Union Assur. Co.,* 66 Cal. 253 [5 Pac. 232]; *Adams* v. *South British etc. Ins. Cos.,* 70 Cal. 198 [11 Pac. 627]; *Farnum* v. *Phoenix Ins. Co.,* 83 Cal. 246 [23 Pac. 869]; *California, Annual Conference of the M. E. Church* v. *Seitz,* 74 Cal. 287 [15 Pac. 839]; *Davisson* v. *East Whittier Land etc. Co.,* 153

Cal. 81 [96 Pac. 88] ; *North American Dredging Co.* v. *Outer Harbor etc. Co.,* 178 Cal. 406 [173 Pac. 756] ; *Oakdale Irr. Dist.* v. *Beard,* 47 Cal. App. 66 [190 Pac. 224].)

It is also the general rule throughout the country, and is stated in 5 Corpus Juris (p. 20) in the following language: "Parties will not be permitted, by agreement to submit to arbitration, to oust the jurisdiction of the courts, whether the agreement relates to existing differences or to those which may arise in the future. In other words the courts may disregard such agreements, assume jurisdiction, and determine the matters in dispute which constitute the subject matter of the agreements, on the principle that the parties cannot deprive themselves of the right to resort to the proper legal tribunals for the submission of their controversies. The general principle that courts favor arbitrations and will indulge every reasonable presumption to uphold arbitration proceedings is strictly limited to proceedings which have resulted in an award, in consequence of which submissions to arbitration cannot be specifically enforced, and the parties to the submission may revoke it at any time before the award is made." And the exception to the rule is stated in the following terms: "Where a contract contains a stipulation, not that all questions arising thereunder, whether as to the validity or effect of such contract, or otherwise, shall be submitted to arbitration, but that the decision of arbitrators on a certain question or questions, such as the quantity, quality, or price of materials or workmanship, the value of work, the amount of loss or damage, or the like, shall be a condition precedent to the right of action on the contract itself, no fixed sum being stated in the contract, such stipulation will be enforced, because the parties to a contract have a right to adopt whatever method they see fit for determining such questions, and until the method adopted has been pursued, or some sufficient reason given for not pursuing it, no action can be brought on the contract. . . ." (5 Corpus Juris, p. 43.)

And, in a note to *Williams* v. *Branning Mfg. Co.,* 47 L. R. A. ( N. S.) 356, the general rule is referred to in the following terms: "Although the cases respecting insurance policies with agreements to arbitrate outnumber those concerned with other contracts, the latter are in full accord with the former as to the prevalence and application of the

doctrine above stated. They all hold it to be settled law
that agreements to arbitrate everything in dispute, and
taking away from the courts jurisdiction over any contro-
versy, are nullities'' (citing cases).

It has indeed been doubted whether the cases coming
within the exception to the general rule are true arbi-
trations and not mere appraisements. Thus, in 3 Cal.
Jur., section 15, page 49, it is said: ''It will, of course, be
noted that many of the cases holding that determination of
value, loss, damage, etc., is a condition precedent to suit,
deal in fact with appraisements and not with true arbitra-
tions. Indeed, the distinguishing feature which makes a
statutory arbitration possible, namely, the existence of a
controversy which may be made the subject of a civil action
operates in the main, equally well to define those cases in
which the court, ignoring an agreement to arbitrate, will
take jurisdiction of the cause.''

[2] We have seen that the arbitration provision in the
case at bar is very broad in its terms, requiring all disputes
arising under the contract to be arbitrated, and is thus one
which was not binding upon the parties; but the respond-
ents seek to withdraw it from the application of the estab-
lished rule by arguing that, reading the entire provision
relating to arbitration, it is apparent that it was the in-
tention of the parties that a resort to arbitration should be
a condition precedent to the bringing of suit; and they
thus endeavor to bring the case within the exception to the
general rule—or, rather, within the terms of a very broad
statement of the exception which is found occasionally in
the cases, viz., that the general rule as to the invalidity of
agreements to arbitrate all disputes does not apply where
such arbitration is by the contract *expressly* or impliedly
made a condition precedent to the bringing of suit.

This broad statement of the rule purports to be based
upon that class of cases already referred to in which some
fact is to be ascertained without which the cause of action
is not complete. In such cases it has been said that arbi-
tration is a condition precedent to the bringing of suit
implied from the agreement itself; and if in such a case ar-
bitration is also expressly made such condition, the added
provision in no way changes the situation. But if an at-
tempt be made expressly to make arbitration of a dispute

a condition precedent to the bringing of suit irrespective
of whether from the nature of the fact to be found or ar-
bitrated it is such condition precedent, it is apparent that
we at once run counter to the general rule itself, and, by
the mere addition of a phrase which in no manner changes
the relative situation of the parties, endeavor to accomplish
a result which, according to that rule, is not permitted, viz.,
oust the courts of jurisdiction.   It is apparent that where
the cause of action is not complete until the establishment
in a prescribed mode of a given fact, such fact is necessarily
a condition precedent to the right of action; but where the
right of action is complete the bringing of suit thereon is,
of course, not impliedly subject to the condition that arbi-
tration first be had, nor can it be expressly made so unless
we are prepared to abandon the established rule.   This is,
we think, obvious from a consideration of the general rule
itself, and the consequences necessarily flowing from its
application.   The rule is that an agreement for the arbitra-
tion of any dispute thereafter to arise under a given con-
tract will not be enforced by the courts.   But such an
agreement is itself an attempt to make arbitration a condi-
tion precedent to the bringing of suit, and its effect is no
different from that of an express stipulation that arbitration
shall be such condition precedent.   Assume that the latter
is binding, what would be the course pursued under it?   A
dispute arises and arbitration is had.   An award being
made, can a party to the stipulation say, "I have submitted
the question in dispute to arbitration and thus complied
with the condition precedent.   Now I will bring my suit
upon my original claim and ignore the award?"   Evidently
not, for, if so, the arbitration would be an idle proceeding.
His only right now is to enforce the award.  But is not this
precisely the effect of the bare agreement to arbitrate un-
accompanied by the express provision that arbitration shall
be a condition precedent?   The answer to this question
must be in the affirmative, for if arbitration be had under
such agreement the rights and remedies of the parties there-
under are identical with those above indicated as arising
from an arbitration had in pursuance of a stipulation that
it shall be a condition precedent to the bringing of suit.   In
either case any suit thereafter brought must be upon the
award.   "It is the general rule that a valid award operates

to merge and extinguish all claims embraced in the submission. Thereafter the submission and award furnish the only basis by which the rights of the parties can be determined, and constitute a bar to any action on the original demand, unless both parties have repudiated it.'' (5 Corpus Juris, p. 163.)

We have considered this phase of the question somewhat at length for the reason that the respondents in support of the judgment—and upon, we think, the erroneous assumption that their contention is sound that the present agreement in effect provides that arbitration shall be a condition precedent to the bringing of suit—cited the case of *Garcia & Maggini Co.* v. *Colvin,* 53 Cal. App. 79 [199 Pac. 1113], which, it must be admitted, upholds their contention that arbitration must first be had in any case where the parties have so agreed. In that case no question was raised as to the validity of the arbitration clause. Both parties to that action assumed its validity. The claim there made by appellant was to the effect that defendant, having repudiated the contract, was estopped to invoke the arbitration clause therein.

The arbitration clause in the case cited reads: ''Any controversy arising under this contract shall be settled by arbitration, and the submission of such controversy to arbitration in accordance herewith by each party shall be a condition precedent to the right of such party to enforce this agreement.'' Suit having been brought without such submission, a judgment of nonsuit granted upon the ground of such failure to arbitrate was upheld by the district court of appeal, in an opinion citing no authorities and containing no argument, the point being disposed of by the statement: ''As arbitration or an attempt to effect arbitration was a condition precedent to the commencement of the action, the failure to allege and prove that such course had been followed, or that the plaintiff was excused from doing so, was fatal to its cause of action and the nonsuit on that ground was properly granted. . . .'' As the submission to arbitration in that case covered all disputes that might possibly arise, and was not confined to the establishment or ascertainment of a fact essential to the existence of the cause of action, thus making a resort to arbitration an implied condition precedent to the bringing of suit, it came within the

general rule under which compliance with the agreement to arbitrate was not binding upon either party, notwithstanding the express attempt of the parties to make it so, and was, therefore, in our opinion, incorrectly decided.

The provision for arbitration in the case at bar, being one covering all disputes thereafter to arise under the contract and not being confined to the ascertainment of a fact essential to the existence of the cause of action itself, comes clearly within the general rule that it is not binding upon either party to it. The plaintiff, therefore, in the establishment of its case was not called upon to prove that it had submitted its claim to the method of arbitration provided in the contract between the parties, and the trial court erred in granting the defendants' motion for nonsuit based upon plaintiff's noncompliance with such provision. The judgment should, therefore, be reversed, and it is so ordered.

Lennon, J., Myers, J., Lawlor, J., Waste, J., Seawell, J., and Wilbur, C. J., concurred.