**ORRICK et al. v. GRANELL et al.**
No. A–7905.

District Court, Alaska.
Third Division. Anchorage.
Nov. 25, 1952.

Evander C. Smith, Anchorage, for plaintiff.

Peter J. Kalamarides and Bell & Sanders, Anchorage, for defendant.

DIMOND, District Judge.

The plaintiff seeks recovery from the defendant upon a written contract of employment which contains the following paragraph:

"It is expressly agreed by all the parties hereto that, pursuant to Section 1647.5 of the Labor Code of California, Chapter 454 of the Laws of 1939, all controversies arising out of this contract as to its existence, validity, construction, performance, non-performance, breach, operation, continuance, termination, or other reason, shall be submitted to, heard, arbitrated and determined by the International Executive Board of the American Federation of Musicians, pursuant to and in accordance with the laws, rules and regulations of the said Federation and its rules applicable thereto and in accordance with the laws, rules and regulations of the said Federation regulating the relations of its members to employment agencies, and by which such agencies and members are governed. And the parties hereto agree to provide reasonable notice to the Labor Commissioner of the time and place of the hearing, which he shall be entitled to attend."

While the services were to be performed at a night club called the "Village Barn" at Anchorage, Alaska, it is assumed that the contract itself was made in California and may be governed by the laws of that State.

The defendant has moved to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The argument is that the complaint does not show that the plaintiff has submitted the controversy to arbitration in accordance with the provisions of the contract upon which she sues, based upon California law. It is therefore important to determine what the law of California is on the subject and whether it applies. Counsel for both parties earnestly argue that the California statutes support their conflicting contentions.

Section 1280 of the Code of Civil Procedure of California, 1949, provides:

"§ 1280. (Validity of arbitration agreements.) A provision in a written contract to settle by arbitration a controversy thereafter arising out of the contract or the refusal to perform the whole or any part thereof, or an agreement in writing to submit an existing controversy to arbitration pursuant to section 1281 of this code, shall be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract; provided, however, the provisions of this title shall not apply to contracts pertaining to labor."

But another part of the laws of California must be considered. Section 1647.5 of the Labor Code, which is limited to contracts between an employment agency and a person for whom such employment agency under contract undertakes to secure employment, makes provision for arbitration. In order to make the point clear, it is necessary to quote a part of Section 1647.5:

"§ 1647.5. Provision for decision of controversy by arbitration. (Validity of provision: Requisites.) Notwithstanding sections 1626 and 1647 of the Labor Code and section 1280 of the Code of Civil Procedure, a provision in a contract providing for the decision by arbitration of any controversy under the contract or as to its existence, validity, construction, performance, nonperformance, breach, operation, continuance, or termination, shall be valid:

"(a) If the provision is contained in a contract between an employment agency and a person for whom such employment agency under the contract undertakes to endeavor to secure employment, * * *."

Therefore, it is clear that Section 1647.5 does not apply to the contract sued upon here because that contract is not one falling within the scope of the provisions of the Labor

Code above quoted. The contract here in litigation is clearly not one between an employment agency and a worker. Such relation is indispensable to permit the application of Section 1647.5. It follows that if California law governs, that law is to be found in Sec. 1280 of the Code of Civil Procedure, 1949, and not in Section 1647.5, both above quoted, and Sec. 1280 bars enforcement of the arbitration clause in the contract which is the basis of this action.

It would seem that the parties have made California law, with respect to arbitration, a part of their contract; that they have agreed to arbitrate and conduct the arbitration proceedings under Section 1647.5 of the Labor Code, and not otherwise. As we have seen, the statute law of California which, as to this subject, may be considered as having suspended the common law rule, does not admit of arbitration in cases pertaining to labor contracts of the type here in question.

But if it be held that the California statute is not an essential part of the arbitration clause of the contract, we are and must be bound by common law principles on the subject, because the statute laws of Alaska make no provision whatever for arbitration.

The general common law rule is succinctly stated in 3 Am.Jur. 871, below quoted:

"Except where it has been changed by statute, the rule is well settled that until consummated by an award, neither a submission agreement nor an agreement to submit to arbitration future differences, unless it makes arbitration of some preliminary or incidental question of fact a condition precedent, will bar a suit either at law or in equity upon the same subject matter, and either party may revoke the unexecuted agreement at any time, thereby at most giving the other a right of action for such damages as may result from breach of the agreement."

That rule is fully sustained and developed in Red Cross Line v. Atlantic Fruit Co., 1924, 264 U.S. 109, at page 120, 44 S.Ct. 274, 68 L.Ed. 582; Haskell v. McClintic-Marshall Co., 9 Cir., 1923, 289 F. 405; Minton v. Mitchell, 1928, 89 Cal.App. 361, 265 P. 271; Blodgett Co. v. Bebe Co., 1923, 190 Cal. 665, 214 P. 38, 26 A.L.R. 1070.

■ The clause in this contract with respect to arbitration goes so far beyond the exceptions stated in the cases and texts above cited, as to submit to arbitration under the contract virtually every element of fact and of law which might possibly arise. At common law, that may not be done.

The motion to dismiss is denied and the defendant may have ten days to answer the complaint.