W. H. HICKS v. A. J. SYKES AND BELLE A. SYKES.

(Filed 7 November, 1928.)

**Arbitration and Award—Award—Pleadings.**

> Where the plaintiff brings action not to enforce the terms of an award, but for the alleged breach of the contract arbitrated, he may not at the trial insist upon the terms of the unpleaded award over the protest of the defendant, and there was error in the holding of the lower court that the parties were bound thereby.

APPEAL by defendants from an order of *Devin, J.,* made at Chambers in Oxford on 7 April, 1928. From ORANGE.

The plaintiff brought suit to recover damages for breach of an alleged contract for the sale of cedar trees to the defendants. The execution of the contract was admitted and the defendants alleged that the matters in controversy had been referred to arbitrators who had made an award; that the defendants had signified their acceptance of the award by affixing their signatures thereto, and that the plaintiff had refused to abide by the award; also that the defendants, upon the plaintiff's refusal, withdrew their acceptance of the award. In the order of Judge Devin there is a recital of the terms of the contract and of the agreement of

BYERLY *v.* ACCEPTANCE CORPORATION.

the parties to leave the matter in dispute to three arbitrators who had made their award; that the plaintiff at the time declined to be bound by the award, but at the hearing stated that he was willing to be bound by its terms. It was thereupon adjudged that the restraining order theretofore issued be modified and that the defendants be allowed to cut and remove all cedar trees four inches or more in diameter at the small end of the stick, and that they be permitted to remove all cedar then cut upon the premises by entering into a bond in the sum of $200. The defendants excepted and appealed.

*Thomas C. Carter for plaintiff.*
*Gattis & Gattis for defendants.*

PER CURIAM. The alleged award of the arbitrators bears date 10 March, 1928. The summons in the action was issued 29 March, 1928. The alleged arbitration, therefore, was not made a rule of court in an action pending between the parties at the time they agreed to the arbitration. The plaintiff did not sue for a breach of the alleged arbitration and the defendants do not rely upon it as an estoppel against the plaintiff. The action is prosecuted for alleged breach of the contract; and in their answer the defendants say that because the plaintiff refused to abide by the award their acceptance of it was withdrawn. The plaintiff had no legal right, after repudiating the arbitration and bringing suit on the contract, to abandon his alleged cause of action, under the protest of the defendants, and to hold them to the award. The situation is similar to that which arose in *Carpenter v. Tucker,* 98 N. C., 316, in which it is said that as the plaintiff therein had agreed to arbitrate the matters in dispute, and had afterwards refused to comply with his agreement, the breach, under proper conditions, might be regarded as a cause of action, but not one to be set up as a defense. The controversy must be determined upon the issues which arise on the pleadings. There was error in holding that the parties are bound by the terms of the alleged award. In the latter respect the order is modified.

Modified and affirmed.