EDMUND L. CARPENTER v. ALFRED T. TUCKER, Adm'r of George Tucker.

*Evidence—Arbitration,   Witness—Delivery—Endorsement—Trial.*

1. The delivery of unindorsed promissory notes passes an equitable title.

2. A person who took full notes of the testimony of a witness, since deceased, on a former trial, and testified, that by refreshing his recollection by reference to those notes he could state the substance of the testimony, is competent to testify as to what the deceased witness swore.

3. It is not error to permit parol proof of the execution and delivery of a deed as a collateral fact, where the contents of the deed are not in issue.

4. An agreement to submit the matters, involved in an action pending, to arbitration, not made under the sanction of the Court, cannot be pleaded as defence to the action. The remedy for a breach of such an agreement is by an independent action for damages.

5. The Court should not submit an issue not raised by the pleadings, nor should it give instructions to the jury upon a view not presented by the testimony.

*(Jones* v. *Ward,* 3. Jones, 24; *Wright* v. *Stowe,* 4 Jones, 516; *Ashe* v. *DeRossett,* 5 Jones. 299, cited).

CIVIL ACTION, tried before *Gilmer, Judge,* at Fall Term, 1886, of ANSON Superior Court.

This action was brought to recover the price which it was alleged the intestate of the defendant had agreed to pay plaintiff for certain notes (given by one Preslar, a son-in-law of the intestate, for the purchase of a tract of land) and which had been delivered, unindorsed to the intestate.

The plaintiff alleged that at the time of the sale it was agreed that he should execute a deed to the land, for which the notes were given, to Preslar, and give it to the intestate, who expressed a purpose to provide for his son-in-law, and that he did so execute and deliver the deed.

The defendant denied the contract, and among other facts alleged, that at the time of the pretended contract the intestate was quite ill, and the plaintiff induced him to accept the notes upon a false representation that the deed was made to him, and upon this point requested the Court to instruct the jury that "if at the time the plaintiff delivered the deed he represented to the intestate that the deed was made to him, and if at that time the intestate was unable by reason of sickness to read the deed and the same was not read to him, and he was induced to make the contract for the purchase of the notes by such representation, the plaintiff cannot recover." The Court refused to give this instruction upon the ground that there was no evidence to support it.

The other facts necessary to an understanding of the questions decided are stated in the opinion.

There was judgment for plaintiff and defendant appealed.

*Mr. J. A. Lockhart*, for the plaintiff.
No counsel for the defendant.

MERRIMON, J. On the trial the plaintiff offered in evidence certain notes, under seal, which it was alleged he had sold to the intestate of the defendant, and the latter objected to their admission "because they were not assigned or transferred or endorsed in writing by the plaintiff." The Court admitted them, and this is assigned as error. It is true the legal title to the notes did not pass without endorsement, but it is just as true that the equitable title may have passed without it, and it was competent to show this fact. The notes may have been introduced for the purpose of identification or other purpose than to show the legal title to them, and they were obviously competent, unendorsed, for any pertinent purpose.

On a former trial of this action, which resulted in a mistrial, T. I. Polk was examined as a witness for the plaintiff,

and he died before the last trial.    At the first trial the coun-
sel for the plaintiff " took full notes of the evidence offered,"
including that of the  deceased witness mentioned.    On the
last trial this counsel was  examined  as  a witness for the
plaintiff, and  he  stated  that  by  refreshing  his  recollection
from the notes of evidence taken by him  on the former trial,
he could  and did remember the  substance of the testimony
given on the former trial by the deceased witness Polk.    The
defendant objected.    The  Court allowed  the  witness to so
testify and this is assigned as error.

The objection is groundless.    The witness might refresh
his  recollection  by  the  notes  of  evidence  mentioned,  and
when he declared that he remembered the substance of what
the deceased witness had  testified  to  on the former  trial in
this action between the same parties, he qualified himself to
testify as  he was  allowed  to do, and  any objection went to
the  weight,  not  to  the  competency  of  the  evidence  thus
elicited.    *Jones* v. *Ward*, 3 Jones, 24;  *Wright* v. *Stowe*, 4 Jones,
516;  *Ashe* v. *DeRossett*, 5 Jones, 299.

A witness for the plaintiff was examined as to what the
intestate of the defendant had said to him in respect to the
purchase of the plaintiff's interest in a certain mill, the deed
therefor, the price paid for it, and what he intended to do
with the mill, &c.    The defendant objected to the admission
of such evidence " because incompetent under the statute of
frauds and irrelevant."    What the appellant intends by this
exception is not at all clear, but we suppose it implies that
it was not competent for the witness to speak of a sale of
real estate that must be evidenced by a proper deed of con-
veyance without producing the deed.    If so, the objection is
untenable, because the deed and its contents were not at all
in question; the purpose was to give evidence of a transac-
tion in respect to the mill that did not involve the title to it.
The evidence was relevant because it went to prove that the

plaintiff had delivered the notes to the intestate of the defendant as the plaintiff alleged.

The defendant was introduced as a witness in his own behalf, and was asked to "repeat a conversation between himself and his intestate" in respect to the notes and the deed of conveyance in question.

Upon objection of the plaintiff to the proposed evidence, the Court sustained the objection, and properly, because it was simply hearsay.

The defendant alleges in his answer, that the plaintiff and himself had agreed in writing "to arbitrate" the matters in controversy in this action, that this agreement was current at the time the action was begun, and he avers his readiness to abide the result of such arbitration. This agreement was not made an order of the Court in this action, nor with the sanction of the Court, and it was executory, independent of and apart from the action.

On the trial the defendant requested the Court to submit to the jury this issue, "Did the plaintiff and defendant, before the commencement of this action, agree to arbitrate the matters in controversy, and if so, did the plaintiff refuse to comply?" The Court properly declined to submit it. The pleadings raised no such issue. The agreement to arbitrate was not a defence in this action. If the plaintiff, having agreed to arbitrate as alleged, afterwards refused to comply with the agreement, such breach thereof might be a cause of action, but not one to be set up as a defence in this action—it was foreign to and had no connection with the latter as a litigation.

The appellant was not in any view of the evidence entitled to have the special instruction given to the jury which the Court declined to give. There was clearly no evidence that warranted it, and the Court should never present to the jury a view of the case, or an important part, or branch of it, when there is the absence of evidence that might reasonably

lead them to adopt and act upon it. To do so could serve no just purpose, while it would almost certainly mislead or tend to do so.

The errors assigned are unfounded, and the judgment must be affirmed.

No error.                                    Affirmed.