J. T. WILLIAMS et als. v. THE BRANNING MANUFACTURING
COMPANY.

(Filed 14 September, 1910.)

### 1. Arbitration and Award—Conclusiveness of Award.

A valid award operates as a final and conclusive judgment between the parties within the jurisdiction of the arbitrators, respecting all matters coming within the terms of the agreement to arbitrate, which are therein determined and disposed of.

### 2. Arbitration and Award—Revocation—Notice—Summons.

While a party to an agreement may, at any time before the rendering of an award of matters submitted to arbitration, revoke the submission, it is necessary that notice be given to the arbitrators; and the mere issuance of a summons in an action alleged to involve the determination of the matters submitted, will not invalidate an award made before the filing of the complaint or the giving of a bill of particulars.

APPEAL from *G. W. Ward, J.,* at the Spring Term, 1910, of
HERTFORD.

Civil action for damages for breach of contract in writing in which plaintiffs obligated for certain consideration to operate defendant's lumber plant at Ahoskie, in Hertford County, and to cut into logs the standing timber of defendant and manufacture them into lumber at said plant.

In October, 1904, these parties entered into another contract, modifying and changing some of the provisions of the contract of 1901. In the contract of 1904 the following provision is incorporated:

"Section 9. It is further understood and agreed, in the event of any future misunderstanding or disagreement between the parties hereto as to the contract of 1 March, 1901, or as to any modifications of the same herein contained, that the matter shall be settled by arbitrators, to be selected, one by the Branning Manufacturing Company and one by the said J. T. Williams & Bro., and the third by the two, who shall hear and determine the same, and whose award shall be accepted as final between the parties and faithfully performed by each."

Disagreements having arisen the matters in controversy were

submitted to arbitrators on 20 February, 1906, in accordance with the agreements.

After the controversy had been heard by the arbitrators, but before they rendered their award, to-wit, 1 January, 1907, this action was commenced to recover the damages for the breach of the aforesaid contract. It is admitted in the "facts agreed" that several matters of difference submitted to arbitration are those set out in the complaint in this action, which complaint was not filed until 18 January, 1908. It is admitted in the case agreed, "5th. That said arbitrators, thereafter, on the 25th day of January, 1907, rendered their award, passing on the matters submitted to them, and shortly thereafter the same was sent to plaintiffs and defendant, and which the plaintiffs ignored."

The cause was submitted at Spring Term, 1910, Superior Court of Hertford County, to his Honor, Judge Ward, who rendered judgment for plaintiff.

Judgment was rendered as follows:

This cause coming on for hearing before his Honor, George W. Ward, judge presiding, and a jury being impaneled, the following facts were admitted in open court by the parties, plaintiffs and defendant:

1. That the copies of the contracts between the plaintiffs and defendant are true copies of said contracts.

2. That on the 20th day of February, 1906, the plaintiffs and defendant entered into a written agreement, submitting several matters of difference between them, growing out of their old contract, to arbitrators, selected as provided in the contract of 1 October, 1904, and said several matters of difference are included in the matters complained of by the plaintiffs in this action.

3. That a copy of agreement of submission is annexed to the answer in this cause.

4. That this suit was commenced on the 1st day of January, 1907, as shown by the summons.

5. That said arbitrators, thereafter, on the 25th day of January, 1907, rendered their award, passing on the matters submitted to them, and shortly thereafter the same was sent to plaintiffs and defendant, and which the plaintiffs ignored.

6. It was then agreed by counsel for plaintiffs and defendant, in open court, that a jury trial would be waived, and that his Honor might, upon the above facts and upon the record and pleadings in this action, and pass upon the pleas in bar set up in the answer to an accounting and the question of jurisdiction of this Court in this action, and render such judgment as in law he thought proper.

Now, after hearing the arguments on both sides, and after giving the matters full consideration, his Honor being of the opinion that the provision in said contracts of 1901 and 1 October, 1904, aforesaid, providing for the submission to arbitration the matters of difference between the parties thereto was no bar to the right of the plaintiffs to enter and prosecute this suit, and that said agreement of submission of 20 February, 1906, of the matters therein set forth was no bar to the prosecution of this suit, which was begun before any award was rendered by said arbitrators, and that the Court has full jurisdiction of this action.

Wherefore, on motion of Winborne & Winborne, attorneys for plaintiffs, it is adjudged and decreed that the defendant's pleas in bar are overruled and are no bar to a reference to state an account between the parties under said contract of 1 October, 1904.

It is further adjudged that the contract of 1 October, 1904, is a bar to all matters of difference between the parties prior to that date.

Defendant does not object to refusing the statute of limitations by the Court, but reserves the right to object to his findings of fact and conclusions of law thereon.

It is further ordered, upon plaintiffs' motion, defendant objecting thereto, that the action be and it is referred to_____ as referee, to state all matters of difference growing out of the contract of 1 October, 1904, not barred by the statute of limitations, the question of the statute of limitations being likewise referred to him. He shall hear the said matters, after due notice to the parties, and make his report to Court.

Defendant has the right to except to the referee's findings of fact and conclusions of law, and to raise such issues of fact, to

be heard by a jury, as he may be advised are necessary and proper. G. W. WARD, *Judge.*

The defendant appealed.

*Winborne & Winborne* for plaintiffs.
*Pruden & Pruden, Wm. M. Bond* and *S. B. Shepherd* for defendant.

BROWN, J. It is unnecessary to review the conclusions of the Superior Court that the provision in the contract agreeing to submit all matters of difference to arbitration is no bar to this action, for the reason that the plaintiffs and defendant did voluntarily submit such matters to arbitration in manner and form as provided in the contract and the arbitrators in due time rendered their award. It is common learning that a valid award operates as a final and conclusive judgment, as between the parties to the submission, or within the jurisdiction of the arbitrators, respecting all matters determined and disposed of by it.

But it is contended that the fact that a summons in this action was issued some days before the rendering of the award revoked the submission, and deprived the arbitrators of the right to make an award.

No other form of revocation is contended for.

At common law a submission might be revoked by any party thereto at any time before the award was rendered. Bacon Abridgment, Arb. B., Comyns Dig., Arb. D., 5; *Vinyor's case,* 8 Coke, 82.

Some courts of this country have held to the contrary *(Berry v. Carter,* 19 Kan., 135, and cases cited), but this Court has followed the doctrine of the common law. *Tyson v. Robinson,* 25 N. C., 333; *Carpenter v. Tucker,* 98 N. C., 316.

The revocation to be effective must be express unless there is a revocation by implication of law, and in case of express revocation, in order to make it complete, notice must be given to the arbitrators. It is ineffective until this has been done. *Allen v. Watson,* 10 Johns, 205; *Brown v. Leavitt,* 26 Maine, 251; Morse on Arb. and Award, p. 231; Vin Ab., Authority E., 3, 4; *Vinyor's case, supra,* 2 Am. & Eng., 600.

It is contended that commencing an action is a revocation by legal implication. Such revocations arise from the legal effect of some intervening happening after submission, either by act of God or caused by the party, and which necessarily puts an end to the business.

The death of a party, or arbitrator, marriage of a *feme sole,* lunacy of a party, or the utter destruction and final end of the subject matter, are of this description. But whether the bringing of an action for the subject matter of an arbitration after submission and before award is an implied revocation, is a matter about which the courts differ.

In New York it is held that it is no revocation in law *(Lumber Co. v. Schneider,* 1 N. Y. Supp., 441; *Smith v. Bard,* 20 Barb, 262). To same effect are the decisions in New Jersey and Vermont *(Knores v. Jenkins,* 40 N. J. L., 288; *Sutton v. Tyrrell,* 10 Vt., 91). The courts of Kentucky, Illinois, Georgia and New Hampshire hold the contrary. *(Peters v. Craig,* 6 Dana, 307; *Paulser v. Manske,* 24 Ill. App., 95; *Leonard v. House,* 15 Ga., 473; *Kimball v. Gilman,* 60 N. H., 54). The conclusion of *Judge Collamer* in the Vermont case is that "The entry and continuance of an action was, obviously, not an express revocation, nor was it such an act as put an end to the subject matter of the submission nor did it prevent the arbitration from proceeding with effect. It occasioned the defendant no cost, and, indeed, it was no more than an ordinary act of caution to keep the action in existence should the opposite party revoke or decline to attend. This, then, was not a revocation in law." Nevertheless it is plainly deducible from all the cases that the action when commenced must cover the subject matter submitted to arbitration; otherwise, it cannot be construed as a revocation or notice to the party or to the arbitrators.

In the case at bar the summons was issued some days before the award was made, but the complaint was not filed until a year after. The summons gave no indication as to the character of the action except that it was a civil action.

Until a complaint is filed the defendant has no legal notice of the cause of action and the arbitrators had a right to proceed with the pending arbitration and to render their award. Assum-

ing that the bill of particulars furnished upon defendant's demand is notice of the character of the action, that was not furnished until after 1 August, 1908, several months after the award had been rendered.

It is further contended that the award is not warranted by the terms of submission. According to the written contract and the terms of the submission the purpose of the award was to ascertain the damages accruing by reason of—"1. The percentage of miscuts and stained lumber. 2. As to excess cost of railroading. 3. As to excess cost of handling lumber on the yard. 4. Are J. T. Williams & Bro. responsible for fire which occurred last fall, supposedly originating from sparks from locomotive No. 7? The above items cover all disputes and contentions under said contract to date."

In their written award the arbitrators appear to have carefully confined themselves to the questions submitted and to have confined their findings to the four matters in dispute. But it is unnecessary to discuss that contention further, as it is expressly admitted in the case agreed that the arbitrators, on 25 January, 1907, rendered their award, "passing on the matters submitted to them."

In view of this admission in the record it is not now open to plaintiff to attack the award.

The judgment of the Superior Court upon the "case agreed" is Reversed.