LASSIE KELLY, ADMINISTRATOR. v. TRIMONT LODGE, No. 249, I. O. O. F.

(Filed 20 December, 1910.)

1. Insurance Orders—Restrictive Rights—Tribunals—Courts.

A member of an insurance order is not bound by any agreement or stipulation restricting his rights to recover sick benefits to the determination of the tribunals of the order, and may enforce them in the courts without first resorting to the tribunals thereof.

2. Insurance Orders—Sick Benefits—Personal Rights—Restrictive Liability—Beneficiaries—Executors and Administrators.

The member of an insurance order becomes entitled, as a matter of right, to the sick benefits accruing to him under his policy of insurance, and upon his death without having received payment thereof the cause of action against the order survives and is enforcible under Revisal, sec. 415; and when the constitution of the order provides that the "benefits are rights personal to the member, his family and dependent relatives, and are not payable to the legal representatives of a member's estate,' the personal representative of the deceased member may maintain his action against the order to recover the benefits, when there are none who belong to the named classes to take; and the amount recovered will go into the intestate's estate for distribution or disbursement as required by the statute.

APPEAL from *Joseph S. Adams, J.,* at Spring Term, 1910, of MACON.

Civil action tried on appeal from the judgment of a justice of the peace. The intestate of the plaintiff, who died 12 June,

1908, was a member of the defendant lodge, which was duly incorporated by an act of the General Assembly of North Carolina (Private Laws; Extra Session 1908, ch. 25) and was by said act, section 2, declared "capable in law to sue and be sued, to plead and be impleaded, etc.," in all the courts of this State in "all and singular actions or matters or demands whatsoever."

The plaintiff seeks in this action to recover $36 sick benefits, to which her intestate was entitled under the rules and regulations prescribed by the defendant.

The defendant resists recovery upon the following grounds:

(1) That the application of the deceased for membership contained the following stipulation: "If admitted, I hereby promise and agree to abide by the laws, customs, and usages of the order, and especially of this lodge. And I further agree that I will only seek my remedy for all rights on account of such membership in the tribunals of the order"; and that the lodge itself was the customary tribunal to pass upon and to determine the rights of the members; and that it had, after the death of the intestate of the plaintiff, to wit, in August, 1908, refused to pay any sick benefits on the intestate's behalf.

(2) That the constitution of the Grand Lodge, under whose jurisdiction the defendant is declared to be, by an act incorporating it, contains the following:

"SEC. 110. *Not payable to legal representatives.* Benefits are rights personal to the member, his family and dependent relatives, and are not payable to the legal representative of a member's estate."

At the close of the evidence the defendant moved for nonsuit. The following issue was submitted to the jury: "Is the defendant indebted to the plaintiff; and if so, in what sum?" Under the charge of the judge and upon the evidence, the jury answered the issue, "$36." Judgment was rendered accordingly for the plaintiff, and defendant appealed to this Court.

*T. J. Johnston and G. L. Jones for plaintiff.*

*Robertson & Benbow, Perrin Busbee, and T. H. Calvert for defendant.*

MANNING, J.  It is contended by the defendant that the stipulation contained in the application for membership in the defendant lodge by the deceased, that he would seek the remedy for all his rights on account of such membership in the tribunals of the order, precludes any resort to the established courts of the State for the enforcement of any right, however just or however plainly established by contract, unless the tribunals of the order deliberately refuse to act, or their action is fraudulently taken.  The precise question was considered and determined by the Supreme Court of Illinois, in the case of *Ry. Conductors' Benefit Assn. v. Robinson,* 147 Ill., 138 (159), in which case the Court said: "That it is competent for members of societies of this character to so contract that their rights as members shall depend upon the determination of some tribunal of their own choice, may be conceded.  But where the designated tribunal is the society itself, one of the parties to the controversy, or, what is substantially the same thing, the board of directors, which is its official and organic representative, the courts will hesitate and even refuse to treat its decisions as final and conclusive, unless the language of the contract is such as to preclude any other construction.  The judicial mind is so strongly against the propriety of allowing one of the parties or its especial representative to be judge or arbitrator in its own case, that even a strained interpretation will be resorted to if necessary to avoid the result."  In *Pearson v. Anderburg,* 28 Utah, 495, the Supreme Court of Utah, having announced the same conclusion as the Illinois Court, said: "To hold otherwise would be an attempt to clothe such voluntary association with power to create judicial tribunals, which would be contrary to the law of the land. *Daniher v. Grand Lodge A. O. U. W.,* 10 Utah, 110.  We, therefore, hold that plaintiff was not required to exhaust the remedy provided by the tribunals of the association as a condition precedent to the bringing of this action.  We have no doubt of the power of members of a voluntary association to restrict themselves, as to matters incidental to the operation of the association, to remedies before tribunals created by the association, the nature and kind of which we need not here consider.  We are, however, of the opin-

ion that this case does not fall within such rule. The right to the moneys due here was a property right, and was created by and growing out of a contract."

In 2 Bacon on Ben. Soc. and Life Ins., sec. 400a, p. 1016, the learned author, after quoting from many cases, says: "It seems to us that the reasoning of the Supreme Court of Illinois is most logical and in accordance with the principles of justice. It is certainly abhorrent to a sense of justice that a corporation should be judge and jury when defendant, and should decide upon the validity of claims against itself, to the exclusion of the civil courts or any rights on the part of the claimant to have a review by the courts of such judgment."

Limiting the stipulation in the application to an agreement to submit to the decisions of the tribunals of the order upon all questions of a legislative or administrative nature, and to their judgment upon controversies of members with one another within the order, we think the stipulation can be sustained, and we would say that upon a question involving one of the above matters the member had by such stipulation precluded himself from a resort to the court, in the absence of charges of fraud or misconduct. But where the question involved is the enforcement of a property right, such as is presented in this case, we hold that the courts can be invoked by a member to aid him in the enforcement or protection of such rights, without resorting, in the first instance, to the tribunal of the order. The Supreme Court of Maine, in *Stephenson v. Ins. Co.,* 54 Me., 55, thus tersely stated the principle: "The law, and not the contract, prescribes the remedy, and parties have no more right to enter into stipulations against a resort to the courts for their remedy in a given case than they have to provide a remedy prohibited by law." *Braddy v. Ins. Co.,* 115 N. C., 354. Our Court has uniformly held to the doctrine that when a cause of action has arisen, the courts cannot be ousted of their jurisdiction by agreements, previously entered into, to submit the liabilities and rights of the parties to the determination of other tribunals named in the agreement; but it has been also generally held that the agreement to submit the particular question of the amount of loss or damage of the assured under an insurance

policy is not against public policy and is sustained. That is simply a method for the ascertainment of a single fact, and not the determination of the legal liability of the insurer. *Mfg. Co. v. Assur. Co.,* 106 N. C., 28.

The second question earnestly urged upon our consideration is that the personal representative of the deceased member cannot maintain the action to recover the sick benefits due the deceased, for the reason that the constitution of the grand lodge provides that the "benefits are rights personal to the member, his family and dependent relatives, and are not payable to the legal representative of a member's estate." There is no evidence found in the record that the deceased member, Kelly, had any "family or dependent relatives," and we will assume that he in fact had none. What, then, becomes of the sick benefits accruing to him in his lifetime, but unpaid, The evidence is sufficient to establish the fact that he was entitled to them under the rules of the lodge, and having a right to them by reason of the contract, it was the obligation of the defendant lodge to pay them and thus perform its contract. These sick benefits were not mere donations or gratuities, such as pensions (*In re Smith,* 130 N. C., 638; *Gill v. Dixon,* 131 N. C., 89); they became payable upon the happening of certain conditions, one of these being that the particular member should be in good standing, and that is explained to mean not in arrears in his fixed dues. Paying his dues, the member, being disabled by sickness not caused by intemperance or immoral conduct, became entitled to these sick benefits as a matter of right. Ought the lodge, by withholding payment until after the death of its sick member, be permitted to hold these sick benefits as forfeited to it or as a derelict cast into its treasury? If forfeited, they became so in its own wrong, by its refusal to perform its own contract. In such event, as is said by the Court of Appeals of New York in the case of *Bishop v. Grand Lodge of Empire Order of Mutual Aid,* 20 N. E., 562: "The neglect of the company might thus result in a forfeiture of the fund. The whole object of the corporation would thus be defeated, and a most unjust result would or might follow such a construction." A section of the act incorporating the defendant in that case provided that such

beneficiary fund should be exempt from execution, and not be liable to be seized or taken on any process to pay any debt or liability of a deceased member. In *Pearson v. Anderburg, supra,* the defendants were members of a voluntary association known as and called "Sandy Lodge, No. 11, I. O. O. F., Sandy, Utah," and the plaintiff was the administratrix of a deceased member. In that action the plaintiff sought to recover sick benefits as well as the funeral benefit, and the same defense as in this case was interposed. The Court said: "They were not benefits due or payable to the widow or the family, or benefits due arising after the death of the said deceased. The deceased, had he lived, could have maintained an action therefor. The action did not abate by his death."

In *Md. Mut. Ben. Soc. Red Men v. Clendinen, admr.,* 44 Md., 429, cited by counsel for the defendant, the controlling rule of the society in that case provided that upon the death of a member, a fixed sum should be paid to the widow, child or children, or such person or persons to whom the deceased may have disposed of the same by will or assignment, and in the event that there was no wife, child or children, and no execution of the power of disposal in the manner authorized, then, after the payment of the funeral expenses, the excess should go to the permanent fund of the association. The deceased member, in that case, left no wife, child or children, and did not execute the power of disposal, and the Court, in denying the right of the administrator of the member to recover, said: "The interest acquired by a member of this association is not one payable to himself, or for his own benefit, further than his funeral expenses. It is not a *'debitum in presenti, solvendum in futuro'*; if the deceased had only a power and not an interest or property in the sum or fund, it is not assets." The decision of the Court in *In re William Roddick,* 27 Ont., 537, rests upon the well-recognized principle that the beneficiary named in a certificate of insurance or a policy of insurance, and not the personal representative of the deceased member, is alone competent to maintain an action to recover the amount stipulated to be paid in the policy or certificate. These authorities cited by the defendant's counsel are not decisive of the present question. If the cause of action

to recover the sick benefits survived or continued, then by section 415, Revisal, the right of action to enforce it survived. If the deceased member had, during his lifetime, begun action to recover these benefits, it is clear the action would not have abated upon his death, and we think his personal representative would have been the proper party to continue the prosecution of the suit. We do not think this case presents the case of a failure of donees capable of taking; that applies to testamentary devises and to trust estates; but it presents the case of a debtor prescribing the successive persons to whom he will pay the debt due. Where the deceased member leaves a family or dependent relatives, it may be that these sick benefits, when recovered, would be held by the personal representative, not strictly as assets for the payment of debts, but as designed primarily for the benefit of those persons coming in that class; but we think, in those cases as in this, where there are none belonging to the named classes, the benefits, when recovered by the personal representative, will go into the intestate's estate for disbursement or distribution, as required by our statute. In our opinion, the judgment of the court below should be affirmed.

No error.