W. T. SPRINKLE v. J. H. SPRINKLE.

(Filed 24 April, 1912.)

1. **Pleadings—Limitation of Actions—Burden of Proof.**
   Upon defendant's plea of the statute of limitation in an action upon contract, the burden of proof is upon the plaintiff to show that his cause of action is not barred.

2. **Arbitration and Award—Contracts—Seals—Limitation of Actions.**
   An agreement to submit a controversy to arbitration is a contract between the parties, and an action thereon, when it is not under seal, in respect to the running of the statute of limitations, is governed by the three-year statute, Revisal, sec. 395.

APPEAL from *Lyon, J.*, at December Term, 1911, of FORSYTH.

This is an action to recover the sum of $1,407.37, with interest from 28 January, 1898, said indebtedness being evidenced by an award. The matters giving rise to the arbitration were the result of mutual dealings and transactions between the parties, who had been engaged in various kinds of business as partners.

The award was introduced in evidence, and is as follows:

AWARD.

Arbitration between W. T. Sprinkle and J. H. Sprinkle has this day been settled as follows:

That J. H. Sprinkle shall pay W. T. Sprinkle the sum of $3,000 as his part of the business, and $750 as his part of undivided profits to 15 July, 1897, subject to a credit of $2,342.63, as agreed upon.

This 28 January, 1898.         P. T. LEHMAN,
                               W. S. MARTIN,
                               J. F. GRIFFITH   (SEAL).

159—6

The following indorsement is on the award:

"From settlement with J. H. Sprinkle on the 10th day of March, 1903, page No. 180, I am due J. H. Sprinkle $261.89, which I place on this arbitration as credit."

Among other defenses, the defendant pleaded the three- and ten-year statutes of limitation. The plaintiff, to repel the application of the ten-year statute, pleaded a payment, and introduced evidence tending to prove that the indorsement on the award was made with the consent of the defendant.

No evidence was introduced as to the character of the submission to arbitration, and so far as appears it was in parol.

Nor was there any evidence that the arbitrators, Lehman and Martin, adopted the seal following the name of the arbitrator Griffith, and there is no finding to this effect.

The summons was issued 20 January, 1911.

The jury returned the following verdict:

1. Did the defendant agree that the credit of $261.89 should go as a credit on the award, as alleged, of the date 10 March, 1903? Answer: Yes.

2. In what amount, if any, is defendant indebted to plaintiff? Answer: $2,110.61.

His Honor held upon the admitted facts that the cause of action was barred by the statute of limitations, and the plaintiff excepted and appealed.

*Jones & Patterson for plaintiff.*
*Manly, Hendren & Womble for defendant.*

ALLEN, J., after stating the case: The defendant having pleaded the statute of limitations, the burden was on the plaintiff to prove that the cause of action accrued within the time limited for bringing it. *Hussey v. Kirkman,* 95 N. C., 66; *House v. Arnold,* 122 N. C., 222.

If he relied on the fact that the submission to arbitration was under seal, or that the arbitrators, Lehman and Martin, adopted the seal, following the name of the arbitrator Griffith, it was incumbent on him to offer evidence of these facts, and having failed to do so, we must consider the case as upon a

submission and an award, not under seal, and in so considering it, the nature of the obligation imposed on the defendant will aid in determining whether the statute of limitations of three years or of ten years applies.

If it is a liability established by contract, or is an obligation arising out of contract, express or implied, the contract not being under seal, it would seem to follow that the limitation of three years, prescribed by Revisal, sec. 395, subsec. 1, would be applicable, which is as follows: "An action upon a contract, obligation, or liability arising out of a contract, express or implied."

In *District of Columbia v. Bailey,* 171 U. S., 170, *Mr. Justice White* quotes with approval from Morse on Arbitration and Award, that "a submission is a contract," and that "the submission is the agreement of the parties to refer. It is, therefore, a contract, and will in general be governed by the law concerning contracts"; and from *Witcher v. Witcher,* 49 N. H., 176, that "A submission is a contract between two or more parties, whereby they agree to refer the subject in dispute to others, and be bound by their award, and the submission itself implies an agreement to abide the result, even if no such agreement were expressed."

The question is discussed in *Tullis v. Sewell,* 3 Ohio, 513, and the Court says: "The liability of the defendant originates in the contract of submission that necessarily must precede the award. It is from this contract that the arbitrators derive their authority as judges whose decision is to bind the parties. . . . It is the submission, therefore, that is the foundation of the right claimed by the plaintiff, and it is only in virtue of the submission that the subsequent proceedings have a binding force. The action originates in the submission, and ought to correspond in character with it. If it is by deed, the remedy should be by debt or covenant. If by parol, or writing not under seal, it may be by *assumpsit.*"

We conclude, therefore, that the cause of action by the plaintiff is one arising out of a contract, not under seal, and as more than three years elapsed after the date of the alleged payment, before the commencement of this action, that the right of recovery is barred.

The case of *Ronk v. Hill*, 37 Am. Dec., 483 (2 W. & S., 70 Pa.), principally relied on by the plaintiff,'seems to be in point, but the decision was upon the authority of *Hodsden v. Har-ridge*, 2 Saund., 64 b., which was an action upon an award under seal, and in which it was held that the action was not barred under the Statute of 21 Jac. I., ch. 16, providing that "All actions of debt grounded upon any lending or con-tract without specialty shall be sued within six years," and this statute was in force in Pennsylvania. *Wickersham v. Lee*, 83 Pa., 422.

The English case was based on the language of the statute, and as the award was under seal and it did not appear that the cause of action was "grounded upon any lending or contract without specialty," the plea of the six-year statute of limita-tions was not sustained, and the Pennsylvania case first re-ferred to depended upon a construction of the same language.

In our opinion, his Honor decided correctly that, upon the facts in this record, the limitation of three years is applicable and that recovery on the cause of action is barred.

No error.