J. W. TARPLEY v. D. R. ARNOLD AND WIFE, ANNIE ARNOLD.

(Filed 6 November, 1946.)

**Arbitration and Award § 3—**

> Upon motion to set aside an award made pursuant to the common law procedure for arbitration, movent is entitled to introduce evidence that prior to the filing of the award the arbitrator wrote movent's attorney expressing a desire to resign, and that the attorney, with movent's approval, wrote the arbitrator accepting the resignation, since if the facts should be found in accordance therewith, movent would be entitled to the relief, and refusal to consider such proof is reversible error.

APPEAL by plaintiff from *Harris, J.,* at June Term, 1946, of WAKE. Civil action to recover possession of land.

Plaintiff alleges in his complaint that he is the owner in fee of a certain tract of land in Wake County, North Carolina, and that defendants have entered into the unlawful possession of and wrongfully withhold a part of it, to his damage.

Defendants, answering, deny the material allegations of the complaint, and assert ownership of the land of which they are in possession.

After the pleadings were filed, and on 12 May, 1945, plaintiff and defendants entered into a written agreement of arbitration to submit the matter in difference between them to certain named arbitrator, by whose findings they "will be forever bound," and on whose report and survey or map judgment may be entered, etc. The written agreement was signed and acknowledged by the parties and consented to by their respective attorneys of record.

The record shows that report of the arbitrator dated 1 February, 1946, was filed 10 April, 1946, and that on 12 April, 1946, plaintiff filed in court a motion to strike the report from the record, and for the action to be calendared for trial before a jury. The ground upon which the motion is based is that the arbitrator, in letter to and received by attorney for plaintiff on 6 March, 1946, had stated that he had found that it is not possible for him to decide definitely in his mind the question of the property line between plaintiff and defendants and would be glad (quoting his language), "if you relieved me of the responsibility of making a final decision," to which on same day the attorney for plaintiff, with the consent of plaintiff, wrote to the arbitrator that "in deference to your request and with much regret, we hereby accept your resignation as tendered today."

When the motion of plaintiff came on for hearing in Superior Court on 29 June, 1946, plaintiff tendered his affidavit in substantiation of the motion. Defendants objected to the introduction of the affidavit. The objection was sustained, and plaintiff excepted. And the court overruled the motion and plaintiff excepted.

Thereupon, the court entered judgment on the said report of the arbitrator in favor of defendants.

Plaintiff excepted, and appeals to Supreme Court and assigns error.

*Albert Doub and Wilson & Bickett for plaintiff, appellant.*
*Bunn & Arendell for defendants, appellees.*

WINBORNE, J.   The parties in briefs filed in this Court appear to be in agreement that the method of arbitration adopted by them in this case is in accordance with procedure at common law, and not with that prescribed in the uniform arbitration act, G. S., 1-544, *et seq.*   Hence, the motion of plaintiff to strike the report of the arbitrator must be considered in the light of pertinent common law.

Plaintiff contends that, by his acceding to the request of the arbitrator to be relieved of making a final decision, the agreement to arbitrate was revoked, and that thereafter the arbitrator had no authority to make an award.   On the other hand, defendants contend that they have not "consented to the resignation of the arbitrator or to any modification or abrogation of the arbitration agreement," and that without their consent, the agreement may not be modified or set aside.

In respect to these contentions, the case of *Williams v. Mfg. Co.,* 153 N. C., 7, 69 S. E., 902, is pertinent.   There in respect to the subject of revocation of agreement to arbitrate, *Brown, J.,* writing for the Court, stated: "At common law a submission might be revoked by any party thereto at any time before the award was rendered. . . . Some courts of this country have held to the contrary . . . but this Court has followed the doctrine of the common law," citing *Tyson v. Robinson,* 25 N. C., 333, and *Carpenter v. Tucker,* 98 N. C., 316, 3 S. E., 831.   And, continuing, "The revocation to be effective must be express unless there is a revocation by implication of law, and in case of express revocation, in order to make it complete, notice must be given to the arbitrators. It is ineffective until this has been done."

Applying this doctrine to the case in hand, plaintiff was entitled to make proof of the facts set forth as ground for his motion to strike the report of the arbitrator, and, if the facts alleged be found to be true, to have his motion allowed.   Hence, in refusing to admit and to consider the proof offered, there is error in overruling the motion.

Therefore, the judgment rendered will be set aside, and the case remanded for further consideration in the light of this opinion.

Error and remanded.