H. C. HARGETT v. ALFRED DELISLE and Wife, MARY ELEANOR DELISLE.

(Filed 20 October, 1948.)

**Arbitration and Award § 2—**

Where both parties invoke the jurisdiction of the Superior Court to determine their rights under their contract, and thus ignore or waive the provision of the contract for arbitration, neither party having pleaded the arbitration agreement or requested that their differences should be settled by arbitration, it is error for the court to dismiss the action, over the objection of one of them, on the ground that the arbitration agreement precluded an action at law.

APPEAL by plaintiff from *Stevens, J.,* May Term, 1948, of CRAVEN. Reversed.

This was an action to recover the balance due on a building contract. Notice of lien for materials and labor was filed. Defendants in answer denied any indebtedness to plaintiff and set up a cross-action for failure to complete building according to contract and for faulty workmanship. When the cause came on for hearing it was referred to a referee. The referee noted that the contract between the parties for the erection of the building contained proviso that "any disagreement arising out of the contract or any provision thereof shall be submitted to an arbitrator or arbitrators," and reported to the court that in his opinion this clause "provided the sole means by which this dispute could be settled." The court being of same opinion, and, concluding that plaintiff was without right to maintain this action, confirmed the report and dismissed the action. Plaintiff appealed.

*L. T. Grantham and H. P. Whitehurst for plaintiff, appellant.*

*R. E. Whitehurst and George B. Riddle, Jr., for defendants, appellees.*

DEVIN, J. Notwithstanding there was a clause in the contract providing for arbitration of any disagreement arising out of the contract, the parties have elected to settle their differences in the law courts. The plaintiff has brought his action in the Superior Court and has filed notice of lien in accordance with the statute. The defendants have accepted the challenge in that tribunal, and filed answer denying indebtedness and setting up a cross-action. They ask affirmative relief in the Superior Court against the plaintiff. It is apparent that the parties have chosen to ignore and waive the provision as to arbitration. Neither has referred to it in the pleadings or asked that this method of settling the matters in controversy be employed. 117 A. L. R., 308, and cases cited.

The jurisdiction of the Superior Court invoked by both parties may not thus be abrogated over the objection of one whose relief for the cause alleged is now available in the manner he has pursued. Whether in any event, by a previously executed contract to arbitrate, the jurisdiction of the Superior Court could be ousted on motion of one of the parties after suit began is not presently presented. *Braddy v. Ins. Co.,* 115 N. C., 354, 20 S. E., 477; *Kelly v. Trimont Lodge,* 154 N. C., 97, 69 S. E., 764; *Williams v. Mfg. Co.,* 154 N. C., 205, 70 S. E., 290; *Cordell v. Brotherhood,* 208 N. C., 632 (639), 182 S. E., 141; *Blodgett v. Bebe,* 214 Pac., 38, 26 A. L. R., 1070; 3 Am. Jur., 871. See also *Copney v. Parks,* 212 N. C., 217, 193 S. E., 21; 135 A. L. R., 79.

There was error in dismissing the action. The judgment below should be vacated and the cause restored to the docket for trial by appropriate procedure.

Reversed.