Civil action for cancellation of an award of arbitrators on ground that plaintiffs withdrew from the arbitration agreement before the award was made, — heard upon motion of defendants for judgment on the pleading.
Plaintiffs allege in their complaint, and defendants admit in their answer these facts: *Page 407 
I. That plaintiffs own a certain specifically described parcel of land situate in Contentnea Neck Township, Lenoir County, North Carolina, and defendants, as Trustees of Zion Church, African Methodist Episcopal Zion Church in America, hold title, for the use and benefit of said church, to another specifically described parcel of land in said township and county, — the two parcels of land adjoining each other.
II. That a dispute, having arisen between plaintiffs and defendants as to the true dividing line between their said respective parcels of land, plaintiffs, as parties of the first part, and defendants, as parties of the second part, entered into a written agreement, dated 23 May, 1946, by the terms of which they mutually agreed, briefly stated: (1) To submit to certain named arbitrators for settlement the location of the true dividing line, — the finding of the arbitrators, or of a majority of them "of said boundary line and the marking of the same" to "be forever binding upon the parties of the first part, their heirs and assigns, and upon the parties of the second part, their successors and assigns" — they "to be forever estopped from questioning same"; (2) that the arbitrators shall have full right and power (a) to fix the date for any hearing they may desire to have on the question of locating the true boundary line, and (b) to subpoena and swear witnesses; (3) that the arbitrators appoint a certain named surveyor to assist them in the locating, establishing and marking of the true boundary line as found by them, and who shall make a map thereof, which shall be duly recorded in the office of the register of deeds of Lenoir County, and as effective in fixing the said boundary line as if deeds were actually executed by the respective parties; (4) that the report of the arbitrators, fixing the true boundary line as aforesaid, shall be made and delivered to clerk of Superior Court of Lenoir County, and by him certified for registration in the office of the register of deeds of Lenoir County; (5) that the agreement and the report be so registered; and (6) that the cost be apportioned between the parties as specified.
III. That upon the conclusion of a hearing before the arbitrators on 20 September, 1946, it was agreed by all parties that final determination of the matter would be deferred until further investigation of the records of Lenoir County could be made by the surveyor, — after which the arbitrators would meet again; and that thereafter the arbitrators met on Monday night, 20 October, 1947, together with counsel of the respective parties, and received the report of the surveyor.
However, the allegations of the complaint and averments of the answer, as to what transpired from this point are not in complete accord.
Plaintiffs alleged (1) that the arbitrators made no award at the conclusion of the hearing on 20 October, 1947, but advised the parties and their counsel that they would render an award on Friday, 24 October, 1947; (2) that before any award was made by the arbitrators plaintiffs *Page 408 
caused notice of their withdrawal from the arbitration to be served upon the arbitrators, and upon the defendants Trustees on 23 October, 1947, and upon their attorney on 24 October, 1947, by the terms of which plaintiffs withdrew from the said arbitration agreement, and the arbitration thereunder, and gave notice of their refusal to be bound by any award thereafter to be made by the arbitrators appointed under said agreement, etc., (3) that notwithstanding said notices, the arbitrators, after 23 October, 1947, wrongfully and without authority in law signed a so-called award and attached thereto a map made by the surveyor, aforesaid, purporting to show the dividing line between the lands of plaintiffs and lands of defendants, and thereafter defendants wrongfully and without authority in law caused said so-called and alleged award, with a copy of said map attached, and the said agreement, to be filed in office of clerk of Superior Court of Lenoir County, and same now appears of record in office of said clerk in a certain book of "Dowers, Divisions, and Provisions," and said clerk has called upon plaintiffs to pay one-half the cost incident to the filing and recording said papers, and (4) that said alleged award, by reason of plaintiffs' withdrawal from the arbitration prior to the rendition thereof, is null and void, and the record thereof as aforesaid constitutes a cloud upon plaintiffs' title which they are entitled to have removed, and declared null and void, and canceled of record. Accordingly, plaintiffs pray judgment.
On the other hand, defendants aver that at the meeting on Monday, 20 October, 1947, after hearing the matter at considerable length, the arbitrators advised counsel for both sides that they would go into executive session and determine their findings and that they would thereafter have map of their findings and award made by the surveyor; that thereupon on said date the arbitrators did go into executive session and after due and full consideration of the matter, and on said date, and prior to any attempt on the part of plaintiffs to withdraw from said arbitration agreement, did make, find and declare what constitutes the true dividing line between lands of plaintiffs and lands of defendants as specifically set forth in accordance with the terms of the agreement, and had map thereof made, which, together with the report of arbitrators, was filed in office of clerk of Superior Court of Lenoir County, and appears of record in designated book and page of "Dowers, Divisions and Provisions," and was certified by the clerk of Superior Court, etc., and that plaintiffs are bound by the terms of said award, and have no right, either in law or equity, to change the same.
When this cause came on for hearing in Superior Court, motion of defendants for judgment on the pleading was allowed, and judgment approving and confirming the report of arbitrators, and taxing plaintiffs *Page 409 
with half the cost of the arbitration, and the cost of this action, was entered.
Plaintiffs appeal therefrom to Supreme Court and assign error.
Appellants in challenging the action of the trial court in rendering judgment on the pleadings in favor of defendants, make these valid contentions which are determinative of this appeal: First, that the arbitration agreement here involved is in accordance with procedure at common law and not with that prescribed in the Uniform Arbitration Act, G.S. 1-544, et seq., Andrews v. Jordan, 205 N.C. 618, 172 S.E. 319;Copney v. Parks, 212 N.C. 217, 193 S.E. 21; and that, hence, the motion for judgment on the pleadings must be considered in the light of the common law. Secondly, that at common law a submission to arbitration might be revoked by any party thereto at any time before the award was rendered, and that "the revocation to be effective must be express unless there is a revocation by implication of law, and in case of express revocation, in order to make it complete, notice must be given to the arbitrators," and that "it is ineffective until this has been done." See Williams v. Mfg.Co., 153 N.C. 7, 69 S.E. 902, and Tarpley v. Arnold, 226 N.C. 679,40 S.E.2d 33. And, thirdly, that in the light of the first and second contentions, the pleadings raise an issue or issues of fact as to whether plaintiffs have brought themselves within the principles above enunciated in respect to revocation of an arbitration.
For reasons stated, there is error in the judgment below.
Error and remanded.