## M. L. SKINNER v. GAITHER CORPORATION.

(Filed 31 October, 1951.)

**1. Arbitration and Award § 1a—**

An agreement to arbitrate all disputes, claims and questions arising in performance of the work is not an agreement to arbitrate the contract price for the construction of the building, and therefore action by the contractor to recover balance due on the contract in addition to amount due for labor and materials used in repairing and replacing plastering which fell, is not barred by the arbitration agreement as to the action for balance of contract price, at least, and demurrer for failure of the complaint to state a cause of action is properly overruled.

**2. Pleadings § 19c—**

If the complaint in any part or to any extent is sufficient to state a cause of action, demurrer thereto is properly overruled.

**3. Arbitration and Award § 1a—**

The Uniform Arbitration Act does not apply to an agreement to arbitrate differences under contract when the arbitration agreement is executed at the time of the contract, since the Act applies only to agreements to arbitrate executed after controversy has arisen. G.S. Chap. I, Art. 45.

**4. Arbitration and Award § 2—**

An agreement to arbitrate all disputes or questions arising under a contract incorporated into the contract as a part thereof cannot bar either party from maintaining an action for breach of the contract, since the courts will not decree specific performance of the agreement to arbitrate either directly or indirectly by refusing to entertain a suit prior to arbitration.

APPEAL by defendant from *Carr, J.,* May Term, 1951, CRAVEN. Affirmed.

Civil action to recover (1) balance due on contract to erect a building, and (2) amount due for labor and material used in repairing and replacing plastering and for commissions, heard on demurrer.

Plaintiff, a building contractor, agreed to erect a building on property of defendant for the contract price of $88,454. The written contract contained provision for the arbitration of "all disputes, claims or questions" subject to arbitration under the contract "in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects."

The architect was to make decisions on all claims of the owner or contractor and on all other matters relating to the execution and progress of the work or the interpretation of the contract documents and his decisions, except as to "matters relating to artistic effect" were made subject to arbitration on written notice and demand of either party.

After the building was completed and occupied by a tenant, part of the ceiling plastering fell. Plaintiff and defendant agreed that plaintiff should repair the ceiling, substituting Cellotex or fiberboard for the plaster and that the defendant would pay the plaintiff the cost of labor and material plus 10% commission unless it should be determined later that the falling of the plaster was due to the fault of the plaintiff. The question of responsibility was reserved for future determination under the original contract.

The total contract price of said repairs was $7106.56.

The plaintiff instituted this action to recover said amount plus $2,000 alleged to be due on the contract price and in his complaint alleges the facts substantially as stated, except that the arbitration agreement is made a part of the complaint by reference only.

The defendant demurred for that the complaint fails to state a cause of action in that it is not made to appear that the plaintiff has complied with the arbitration agreement in the particulars specified in the demurrer; that in said contract it is stipulated "that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other"; and that under the contract plaintiff must first resort to arbitration before he may maintain this action.

The demurrer was overruled and defendant appealed.

*Barden, Stith & McCotter, W. B. R. Guion for plaintiff appellee.*
*Worth & Horner, R. E. Whitehurst for defendant appellant.*

BARNHILL, J. The amount to be paid to the plaintiff for constructing the building and the balance, if any, still due and unpaid thereon are not subject to arbitration under the contract. Plaintiff sues, in part, to recover an alleged balance due. In this respect, in any event, the complaint is sufficient to repel the demurrer. *Mills Co. v. Shaw, Comr. of Revenue,* 233 N.C. 71, and cases cited.

But defendant insists that as to the repair bill the arbitration provisions of the contract prevail and preclude plaintiff's right to resort to the courts until after the arbitration is had as agreed by the parties. Its position in this respect is likewise untenable.

This is not a contract to arbitrate under the provisions of our Uniform Arbitration Act. That Act, G.S. Chap. 1, Art. 45, applies only to agreements to arbitrate controversies existing between the parties at the time of the execution of the agreement to adopt this method of settlement. Hence, decision here is controlled by our cases pertaining to contracts of this type to which the common law rule applies.

It is settled law in this jurisdiction, as in most others, that when a cause of action has arisen, the courts cannot be ousted of their jurisdiction

by an agreement, previously entered into, to submit the rights and liabilities of the parties to arbitration or to some other tribunal named in the agreement. *Kelly v. Trimont Lodge,* 154 N.C. 97, 69 S.E. 764; *Williams v. Manufacturing Co.,* 153 N.C. 7, 68 S.E. 902; *Nelson v. R. R.,* 157 N.C. 194, 72 S.E. 998; *Hargett v. DeLisle,* 229 N.C. 384, 49 S.E. 2d 739; *Brown v. Moore,* 229 N.C. 406; *Stephenson v. Ins. Co.,* 54 Me. 55; *Blodgett Co. v. Bebe Co.,* 26 A.L.R. 1070; Anno. 26 A.L.R. 1077 and 135 A.L.R. 80; Anno. 47 L.R.A. ns 352; 3 A.J. 871 (See numerous cases cited in notes).

At any time before an award is rendered under the contract, either party may elect to breach his contract, 3 A.J. 891, and seek his remedy in the tribunal provided by law, *Carpenter v. Tucker,* 98 N.C. 316; *Williams v. Manufacturing Co., supra; Tarpley v. Arnold,* 226 N.C. 679, 40 S.E. 2d 33; 3 A.J. 871, and "where the right of action is complete without an arbitration, an agreement is not taken out of the scope of the rule by an express stipulation that suit shall be subject to the condition that arbitration first be had." 3 A.J. 872.

The rule comes to this: The agreement of the parties to arbitrate is a contract. The relation of the parties is contractual. Their rights and liabilities are controlled by the law of contract. A breach of the contract may give rise to a cause of action for damages, but the contract itself is not a defense against a suit on the cause of action the parties agreed to arbitrate. *Carpenter v. Tucker, supra; Sprinkle v. Sprinkle,* 159 N.C. 81, 74 S.E. 739. In an action on the contract the courts will not decree specific performance of the agreement. Neither will they, by indirection, compel specific performance by refusing to entertain a suit until after arbitration is had under the agreement.

It is not amiss to note here that the courts uniformly recognize the difference between an agreement to arbitrate and a submission consummated by an award. After the agreement has been consummated by an award there can be no revocation. *Nelson v. R. R., supra; Williams v. Manufacturing Co., supra;* 3 A.J., sec. 41, p. 870. The award is binding on the parties and will be enforced.

It follows that the executory agreement to arbitrate controversies which might arise in the course of the fulfillment of the contract between the parties is no bar to this action.

The judgment overruling the demurrer is

Affirmed.