**McDONOUGH CONSTRUCTION COMPANY OF FLORIDA, Plaintiff,**

v.

**S. E. HANNER, Defendant.**

**No. C-2-WS-63.**

United States District Court
M. D. North Carolina,
Winston-Salem Division.

Aug. 21, 1964.

---

Weston P. Hatfield and C. Edwin Allman, Jr., Winston-Salem, N. C., for plaintiff.

Wesley Bailey, Winston-Salem, N. C., for defendant.

EDWIN M. STANLEY, Chief Judge.

This is an action by the plaintiff, a Florida corporation, against the defendant, a citizen and resident of North Carolina, to recover damages for breach of contract to submit a dispute to arbitration.

At the final pre-trial conference, the parties stipulated that the issue of liability should be heard and determined by the court without a jury, and that in the event the issue of liability was determined favorably to the plaintiff, the issue of damage would then be determined by a jury unless the parties stipulated that the issue might be determined by the court or a master.

In accordance with said stipulation, the issue of liability was tried by the court without a jury. At the conclusion of the trial, the parties were afforded an opportunity to file briefs in support of their respective positions. The briefs having been received, the court, after considering the pleadings and evidence, including exhibits, and stipulations filed, and the briefs and arguments of the parties, now makes and files herein its Findings of Fact and Conclusions of Law, separately stated:

### FINDINGS OF FACT

1. The plaintiff is a Florida corporation, and maintains its principal office and place of business in a state other than North Carolina.

2. The defendant is a citizen and resident of the State of North Carolina.

3. Sometime in advance of June 22, 1962, the plaintiff, a corporation engaged in the construction business, was awarded a contract to construct an office and warehouse building in Forsyth County, North Carolina, for the Crescent City Leasing Corporation.

4. On June 22, 1962, the plaintiff and defendant entered into a sub-contract, designated as Sub-contract 64–13, wherein the defendant was to perform certain cement work in the building being erect-

ed by the plaintiff. The sub-contract contained the following arbitration clause:

"Article XI—Any controversy or claim arising out of or relating to this Sub-contract or any breach thereof shall be settled by arbitration in accordance with the rules, then obtaining, of the American Arbitration Association, and judgment upon the award rendered may be entered into any court having jurisdiction thereof. It is mutually agreed that the decision of the arbitrators appointed in accordance with said rules shall be a condition precedent to any right of legal action that either party may have against the other."

5. The defendant proceeded with the work under the sub-contract. Before the completion of the work, however, the plaintiff notified the defendant, both orally and by mail, that said sub-contract had been terminated because of the unacceptability of the work being performed by the defendant.

6. On September 28, 1962, counsel for the defendant wrote the plaintiff acknowledging receipt of the notice of termination of the sub-contract, protesting that the termination was unwarranted, and demanding payment of $5,632.25, representing the amount alleged to be due the defendant for work performed and materials furnished. On October 19, 1962, counsel for the defendant again wrote the plaintiff advising that unless satisfactory arrangements for the settlement of the defendant's claim had been made by October 26, 1962, "legal action" would be instituted.

7. Payment of the amount alleged to be due under the sub-contract not having been received, S. E. Hanner, the defendant herein, on October 30, 1962, instituted a civil action in the Superior Court of Forsyth County, North Carolina, against McDonough Construction Company of Florida, the defendant herein, seeking recovery of the sum of $5,634.25, with interest, representing the amount

alleged to be due for work performed and materials furnished under the aforementioned sub-contract. On December 21, 1962, McDonough Construction Company of Florida filed its answer to the complaint in the State Court action, denying the amount claimed by S. E. Hanner and counterclaiming in the amount of $20,086.75, by reason of alleged defective work performed by S. E. Hanner. Before filing the State Court action, S. E. Hanner filed a sub-contractor's lien with Crescent City Leasing Corporation, the owner of the property upon which the office and warehouse building was being constructed. No reference was made in any of the pleadings filed in the State Court action to the arbitration clause in the sub-contract.

8. On January 3, 1963, this action was instituted. The plaintiff herein seeks recovery against the defendant herein of $25,000.00 for damages for its trouble and expense in defending the State Court action, damage to "its good name and business reputation" by reason of the sub-contractor's lien being filed with Crescent City Leasing Corporation, and damage to its "good name and business reputation" by reason of being subjected to a civil damage suit in a State Court, all on account of the defendant herein not having first submitted the dispute to arbitration as required by Subcontract 64–13.

9. There was no demand by either party that the dispute concerning the unsatisfactory completion of Sub-contract 64–13 be submitted to arbitration before the filing of the State Court action or before the filing of this action. Each party simply made demands upon the other with respect to the dispute, but neither made any mention of the provisions of the sub-contract relating to arbitration.

10. On April 2, 1963, while both suits were pending, counsel for McDonough Construction Company of Florida wrote counsel for S. E. Hanner and requested that the dispute between the parties be referred to arbitration, and expressed a willingness to submit to a voluntary dis-

missal of both actions and let the arbitrators decide the entire controversy. Counsel for S. E. Hanner replied that since McDonough Construction Company of Florida had refused to discuss the dispute with S. E. Hanner in the past, and had refused to pay S. E. Hanner the amount claimed for work performed and materials furnished, and had terminated the sub-contract without any opportunity for discussion or arbitration, S. E. Hanner declined to agree to arbitration at that late date.

11. Prior to the trial of this action, the State Court action was tried in the Superior Court of Forsyth County and resulted in S. E. Hanner obtaining a judgment against McDonough Construction Company of Florida for $5,634.25, with interest, the full amount sought in that action, and McDonough Construction Company of Florida being denied any recovery on its counterclaim. No appeal was taken within the time provided by law, and the State Court judgment thereby becoming final.

## DISCUSSION

The question for decision is whether there can be any recovery of damages for breach of a contract to submit future disputes to arbitration. If this question is answered in the affirmative, there is then presented the question of whether the plaintiff in this case waived the breach.

■ The contract under consideration, while between citizens of different states, was entered into in the State of North Carolina for work to be performed in North Carolina, and does not involve interstate or foreign commerce. The United States Arbitration Act [1] is limited to maritime transactions and transactions involving interstate or foreign commerce, and hence has no application to the controversy here involved. Since the controversy arose in this State, the rights of the parties must be determined by the laws of the State of North Carolina. It follows that if the laws of North Carolina provide that an agreement to arbitrate a future dispute is invalid and revocable, this court is bound by that rule. Bernhardt v. Polygraphic Co. of America, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1955); 5 Am.Jur.2d, Arbitration and Award, §§ 6 and 81.

■ North Carolina has adopted the Uniform Arbitration Act,[2] but this Act applies "only to agreements to arbitrate controversies existing between the parties at the time of the execution of the agreement to adopt this method of settlement." Skinner v. Gaither Corp., 234 N.C. 385, 67 S.E.2d 267 (1951).

Skinner v. Gaither Corp., 234 N.C. 385, 67 S.E.2d 267 (1951), is also the leading case in North Carolina for the proposition that contracts to submit future disputes to arbitration, and thus oust the jurisdiction of the courts, are invalid, and that the courts will not specifically, or by indirection, compel performance of such contracts by refusing to entertain a suit until after arbitration. At page 269 of 67 S.E.2d the court stated:

"It is settled law in this juridiction, as in most others, that when a cause of action has arisen, the courts cannot be ousted of their jurisdiction by an agreement, previously entered into, to submit the rights and liabilities of the parties to arbitration or to some other tribunal named in the agreement. Kelly v. Trimont Lodge, No. 249, 154 N.C. 97, 69 S.E. 764, 52 L.R.A.,N.S., 823; Williams v. Branning Manufacturing Co., 153 N.C. 7, 68 S.E. 902, 31 L.R.A.,N.S., 679; Nelson v. Atlantic Coast Line R. Co., 157 N.C. 194, 72 S.E. 998, 52 L.R.A.,N.S., 829; Hargett v. Delisle, 229 N.C. 384, 49 S.E.2d 739; Brown v. Moore, 229 N.C. 406, 50 S.E.2d 5; Stephenson v. Piscataqua Fire & Marine Ins. Co., 54 Me. 55; W. H. Blodgett Co. v. Bebe Co., 190 Cal. 665, 214 P. 38, 26 A.L.R. 1070; Anno. 26 A.L.R. 1077 and 135 A.L.R. 80; Anno. 47 L.R.A.,N.S., 352; 3

1. 9 U.S.C. §§ 1–14.

2. §§ 1–544 to 1–567.

A.J. 871, See numerous cases cited in notes.

"At any time before an award is rendered under the contract, either party may elect to breach his contract, 3 A.J. 891, and seek his remedy in the tribunal provided by law, Carpenter v. Tucker, 98 N.C. 316, 3 S.E. 831; Williams v. Branning Manufacturing Co., supra; Tarpley v. Arnold, 226 N.C. 679, 40 S.E.2d 33; 3 A.J. 871, and 'where the right of action is complete without an arbitration, an agreement is not taken out of the scope of the rule by an express stipulation that suit shall be subject to the condition that arbitration first be had.' 3 A.J. 872."

To the same general effect is 5 Am.Jur. 2d Arbitration and Award, § 36, where it is stated:

"A distinction is made between agreements to arbitrate future disputes and agreements for the submission of an existing dispute. Although generally under the common law an agreement in advance to arbitrate the whole of any controversy that may arise is voidable, an agreement to submit an existing dispute is binding to the extent that one who breaches such an agreement is subject to an action for damages * *.

"The reasons generally given for declaring agreements to arbitrate future disputes void or unenforceable are that they are against public policy, or that they improperly deprive courts of their jurisdiction. Although the common-law rule of refusing to enforce agreements to arbitrate future disputes has been questioned even in states that have not rejected the rule by statute, the rule has been so long settled that most courts are unwilling to disturb it unless there has been a statutory enactment making such agreements enforceable."

■ The plaintiff concedes that North Carolina follows the common-law rule, and that an agreement to arbitrate future disputes is unenforceable in this State. It also concedes that such an arbitration agreement is no defense against a suit on a cause of action the parties agreed to arbitrate. The plaintiff earnestly contends, however, that while the arbitration agreement is no defense to such a suit, it has an independent action for damages for breach of the contract to arbitrate. In making this contention, sole reliance is placed on certain language found in Skinner v. Gaither Corp., Supra. There the court observed that a breach of an arbitration contract may give rise to a cause of action for damages notwithstanding the fact that "the contract itself is not a defense against a suit on the cause of action the parties agreed to arbitrate." This language by the court was nothing more than dictum, and was unnecessary for a decision in the case. Moreover, in making this observation, the court was undoubtedly speaking of agreements to arbitrate existing, rather than future, disputes. In any event, it would be contradictory and unwise to hold that a contract is void and unenforceable as being against public policy, and at the same time hold that a breach of the same contract would give rise to an action for damages.

■ There can be no question but that the defendant agreed to arbitrate any disputes growing out of the sub-contract. It is equally true that the defendant, certainly so far as the law of North Carolina is concerned, had the right to disregard the agreement and litigate in the courts his dispute with the plaintiff.

■ Even if the arbitration agreement in question were valid to the extent that its breach would give rise to a cause of action for damages, it is held that the plaintiff by its own action waived the breach. The plaintiff refused to discuss the dispute with the defendant after the

termination of the sub-contract, and at no time suggested that the dispute be submitted to arbitration. Never at any time prior to the institution of the State Court action was any mention made of the provisions relating to arbitration, even though the plaintiff was threatened by the defendant with legal action unless the plaintiff made satisfactory arrangements for settlement of his claim. Even after the State Court action was instituted, the plaintiff appeared and answered and asserted its counterclaim without mentioning the arbitration agreement. Hargett v. Delisle, 229 N.C. 384, 49 S.E. 2d 739 (1948), appears to be directly in point. In discussing a situation similar to the one here presented, the court stated:

"Notwithstanding there was a clause in the contract providing for arbitration of any disagreement arising out of the contract, the parties have elected to settle their differences in the law courts. The plaintiff has brought his action in the Superior Court and has filed notice of lien in accordance with the statute. G.S. § 44–38. The defendants have accepted the challenge in that tribunal, and filed answer denying indebtedness and setting up a cross-action. They ask affirmative relief in the Superior Court against the plaintiff. It is apparent that the parties have chosen to ignore and waive the provision as to arbitration. Neither has referred to it in the pleadings or asked that this method of settling the matters in controversy be employed. 117 A.L.R. 308, and cases cited."

### CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties.

2. The plaintiff has failed to allege or show a cause of action for damages.

3. The complaint should be dismissed with prejudice.

A judgment will be entered accordingly.